Judge Mills
delivered the opinion of the court.
George Caldwell and Davis Caldwell, as executors of George Caldwell, deceased, obtained a judgment by petition and summons, in the Mercer circuit court, against John Bridges, and sued out their execution thereon, not only against John Bridges, but Robert Benton also, both of whom joined in a replevin bond, with John L. Bridges their security. After execution had issued on this replevin bond, the said obligors and their security sued out a writ of error coram vobis, complaining of errors in the first execution, the bond and last execution thereon. On the trial of this writ, the court gave judgment, quashing the last execution for the errors assigned therein, but left the original execut *196 ion and bond still in force;— to reverse which judgment, and to obtain relief against the whole proceedings, this writ of error is prosecuted by the plaintiffs in error in the court below.
On taking a replevy bond, though the sheriff charges an excess of fees, the bond is not thereby vitiated: the error is cured by endorsing a credit—nor is the bond vitiated by omitting to name the sheriff taking the bond, if it appears to have been taken by the sheriff of the county.
An execution issuing against a person who is no party to the judgment on which it issues, is fatally defective, and must be quashed.
Hardin and Bridges for plaintiffs, Pope for defendants in error.
The questions now made by the assignment of error, go to the replevin bond and original execution, and it is alledged that the bond is erroneous—first, because it includes fifty cents, the sheriffs fee for writing it, which it is alledged was not then allowed by law; and secondly, that it does not shew what sheriff took it—and lastly, the original execution is variant from the judgment. The first of these exceptions cannot be regarded by this court. For if the fee was improperly inserted by the sheriff it would not vitiate the bond, but would be remedied by the endorsement of a credit to that amount. The second, also, cannot be sustained; for it appears that the bond was taken by the sheriff of Mercer county to relieve goods taken in execution by him, and restored to the defendants; and although the sheriff is not named, the court cannot, for that cause, set aside the bond, while his return sufficiently determines who took it.
But the error assigned in the original execution, must be fatal. An execution must pursue the judgment on which it issues; and an essential variance has always been held a sufficient ground to set it aside. How a person not named in the original judgment should be included in the present one, seems measurably unaccountable; but such is the state of the case, as presented by the record before us. As to him the execution is without authority and void, and has been the means of binding him in a replevin bond, from which he ought to be released, which can only be done by setting the execution aside, and all proceedings thereon.
It is therefore considered by the court, that the judgment aforesaid be reversed, and that the cause be remanded to the court below, with directions to render judgment quashing the original execution and replevin bond, and all proceedings thereon, with costs.