Chief Justice Robertson,
delivered the opinion of the court.
This case is one of the fruits of the case of McGee vs. Ellis and Browning, in IV Litt. Rep. 244. McGee having a fieri facias against Browning, delivered it to the deputy of Forsythe, (the Sheriff of Pendleton,) for levy. "
The deputy levied on two negroes, in the possession of Browning, and sold one of them to Ellis, he being the highest bidder. Brown sued Ellis for the negro, claiming him as his own; and having obtained a judgment in detinue-, got the negro. Ellis not having paid off the sale bond which he had given, filed his bill io enjoin the payment. The circuit court perpetuated the injunction. The court of appeals reversed the decree, and in their opinion, suggested that either Browning or the sheriff was liable; but that McGee, notwithstanding the foregoing facts, was entitled to the amount for vdiich the negro sold.
Ellis then brought this suit againstlhe sheriff and his sureties, and having recovered a judgment for the price of the negro, they have presented a writ of error to this •court.
Sheriffliable "civilter"for all official actsof hisdep-uty, for which he would be when responsible, ac-tl0° “a? ba on against him and his sureties,
When an individual personal prop. erty as his own, the Jaw implies a.war-otherwisefif ’ agent, sell’.:
*299 A sheriff is liable “civiliter” for all the official acts his deputy, for which he would be liable if they had been done by himself.
Whenever the sheriff is officially responsible, either for his own act or that of his deputy, á suit may be brought against him and his sureties, on their bond. ° °
The negro, (in this case,) was in the possession of Browing when the deputy levied on him. No person setup any claim to him or demanded a jury to try the title, before the sale. It is not reasonably to be inferred, . that the deputy was guilty of bad faith, or of any improper motive, or unusual negligence, m making the levy and sale. .
Then, m sucha case, is the sheriff responsible to the purchaser for any defect of title?
The answer to this question must be decisive of the merits of this controversy.
We have, for some time, forborne to give an opinion, because;
1st. Our respect for our predecessors, lias made us the more distrustful of the correctness of our first impressions.
2d. To overrule the opinion intimated in Ellis vs. McGee, would place the parties in a novel and embar-relsing predicament, and might justly increase the common complaint, as to the uncertainty of the rules of right.
We have, therefore, examined the subject as carefully as we could.
If tbe sheriff be liable, it must be- on one of two grounds.
1st. That in the sale there was an implied war rantyof title; or,
2d. That the sale of the negro was a breach of the condition,of his bond, well and truly to execute the duties of his office.
As to the first, we think that there has been no such warranty. When an individual sells personal property as his own, the law implies a warranty oí title. But this rule does not apply to sales by an agent, whether *300 he be a publie or private agent. He does not sell the property as’ his own, and generally, can be made responsible only for actual fraud or gross negligence. In sales under execution, it seems to us that it cannot be, nor ev-er jjas fecen understood, that the officer, either personally or officially, guarantees the title.. The purchaser relies on his faith in official fidelity. Vile knows that the officer will be responsible to the owner for property sold under execution, which did not belong to the debtor, or was not subject to sale. He hears of no adverse claim to the property. He supposes that if it be not the defendant’s, he will be bound to indemnify him for any defect in his title; or that the creditor who is benefited by the sale, will be responsible. With all these assurances of indemnity, he makes the bid.
i The fact, that no case is reported, in which a sheriff was ever sued for an implied warranty, ought to have persuasive, if not decisive, influence. If the sherill' does not mean tobe so liable; and if the purchaser does not bid on the faith of any such guarantee, upon what principle could a warrantee be infe red against the intentions of both seller'and purchaser? The language of the sheriff, implied by the single fact of selling, is this: “I believe this to be the property of the debtor; I, am responsible to the owner, if it shall belong to another. With this belief, and this assurance of its sincerity, I offer it for sale. He who purchases, does if. on his faith in these pledges alone, and of his ulterior recourse in his equity, on the debtor or creditor.”,^
It is the policy of the law to hold out to those who purchase property, under execution, every species of security and protection, which may be consistent with justice. But the ends of this policy do not require that the sheriff shall be liable for the title. If, therefore, the sheriff be responsible to the purchaser, he must be so on the ground of tort or quasi tort, and not on a contract of warranty.
It is supposed, that because the sheriff is liable to the owner of personalty, which he sells under an execution against some other person, he should be, by analogy, equally responsible to any person who shall buy the property at his official sale. But the supposed analogy does not exist. The reason why the sheriff is responsi- *301 f 01 ble to the owner, is a very comprehensive one, and applies to all persons who take the property of others without any authority. A fieri facias against the goods of A, gives no authority to take those of B. So long as the officer confines his acts within the authority of the process, he is irresponsible. But all acts which are not justified by the writ, are, of course, without authority of law. The inevitable consequence, therefore, of the . . i 11IT71 7 - principle, that no man shall touch the property another, without the permission of the owner or the sanction of the law, is, that no plea of ignorance or of station, however exalted or consecrated, can exonerate the trespasser. This principle is the conservative of property. Without its integrity and universality, private rights would be insecure, and the law would be unequal and tyranical.
Fiake those of B. ^^aj0^sa¿asf; Ogives the officer no authority to ♦''bo +L
The sovereign power of the state cannot take from the humblest citizen a particle ofhis property for public use witho’t allow-compensation
Owner of property sold bysheriff without authority, may sheriff itsval ue m an ac tion of tres-» pass.
The sovereign power of the state, with its “eminent domain,” cannot take from the humblest citizen, a particle of his property for public use, without allowing him just compensation.
If an execution against one man, would excuse the sheriff, for taking and selling the property of another, every citizen would be at his mercy, and none could call his estate his own. As the execution gives him no authority, he has none, and therefore, his sale neither divests nor confers any right. Hence, after such unauthorized and void sale, the owner has as much right to re-claim his property, as he would have, if it had been casually lost, or had been purloined by a robber.
The owner of property, therefore, sold by a sheriff, without authority,may recover from the sheriff, its value in an action of trespass.
The sheriff has committed no trespass or fraud on the rights of the purchaser. He has not warranted the title of the property.
In England, there was, for obvious reasons, stronger ground for implying a warranty of title, by the sheriff, when he sold personal property which he had taken for debt, than there can be here. And we have some reason to believe that, there,"the doctrine is, that “the law raises an implied promise in a sheriff selling goods, that he does not know that he is destitute of title to them”
Sheriff no further bound by official bond, than he wouid be without it.
Sheriff is responsible to tne purchaser for the title of £h:ym'under execution,
*302 The official bond should bind the sheriff no farther than he would be liable without it. Its only object is to secure the faithful performance of official duty. And, therefore, no official act can be considered a breach of the condition of the bond, faithfully to execute the duties of the office, unless it would, without a bond, amount to a breach of official duty.
Unless, therefore, a purchaser, at sheriff’s sale, can show that, as to him,', the sheriff has broken the condition of the bond, by selling to bim property, he will have no cause of action against him for a defect in title, of which the purchaser was not apprised, or might not, by the exercise of proper vigilance, have had reason to suspect.
It may be seriously doubted, whether the act of selling, in good faith, a chattel which is afterwards ascertained tó be the property of some other person, than the defendant in the execution, is, as to the purchaser, a breach of official duty by the sheriff. He purchases ‘ voluntarily. The officer cannot sell to him unless he will buy. Upon this point the court" is not unanimous. Judge Underwood does not concur in the foregoing view, and he is of opinion, that such sale is a breach of official duty, to the prejudice of the purchaser, and of which he may take advantage, by suit on the official bond. Judge Buckner is clearly of a contrary opinion. The chief justice has some’doubt, but is inclined to concur with judge Buckner. He is inclined to think, that a purchaser cannot exact of the sheriff any thing more than vigilance and good faith.
But, although this point has never been judicially and directly decided by this court, the case of Ellis vs. Me-Gee is not the only case in which it has intimated the opinion, that the sheriff should be held liable to the purchaser, for defect of title; see Pepper vs. Thornton, VI Mon., 27, and Head vs. McDonald, VII Mon., 206.
These obiter declarations, some of which are, at least, quasi judicial opinions, have been published and understood. The legislature has been silent, and thereby seemed to approve.
Therefore, the chief justice is inclined to acquiesce in the doctrine suggested in Ellis vs. McGee, as to this matter, and to consider it as the law, until the contrary *303 shall be declared by another department; especially, as he has not full confidence in his own opinion. And hence, he must, for this reason, concur with judge Un-dorwood, judge Buckner dissenting. A consideration entitled to some effect, is, that the sheriff will be in no worse condition when sued by the purchaser than by the owner.
Denny, for plaintiffs; Crittenden, for defendant.
The consequence is, that the judgment of the circuit court will be affirmed, as there is nothing fatal in any of the other errors assigned.
Wherefore, the judgment of the circuit court is affirmed.