CASE 14—PETITION EQUITY—MAY 14.

# Bethel, &c., v. Smith, &c.

## APPEAL FROM HARDIN CIRCUIT COURT.

1. WHERE THE EQUITY OF REDEMPTION IN LAND SOLD UNDER EXECUTION has been levied on and sold, neither the execution defendant nor the purchaser of the equity can redeem after the expiration of a year *from the date of the first sale.* Therefore, where, at the expiration of the year, the equity has been levied on, but has not been sold, a court of equity can not thereafter subject the property because of the inability of the sheriff to sell, the subject of the levy being no longer in existence.

2. HUSBAND AND WIFE—WIFE'S EQUITY.—A married woman's interest in her father's personal estate, while still in the hands of his administrator, was attempted to be appropriated by her husband's cred-

itors. She applied to a court of equity to have it settled upon her. The amount was four or five hundred dollars, and the husband was insolvent. *Held*, that the wife was entitled to the relief sought.

MONTGOMERY & POSTEN for appellants.

Neither the execution defendant whose land has been sold under execution, nor the purchaser of his equity of redemption, can redeem after the expiration of a year from the date of the first sale; and, therefore, the equity can not be sold after that time, although levied on before the year expired. (General Statutes, chapter 38, article 12, sections 4 and 6.)

WILSON & HOBSON for appellees.

Brief not in record.

JUDGE PRYOR delivered the opinion of the court.

This is an attempt by the creditors of the husband of Mrs. Bethel to subject her estate to the payment of his debts. At the death of her father she became entitled to an estate of some value, and while her part of the personalty, or that to which she was entitled, was in the hands of her father's administrator, the creditors of the husband, by some arrangement with him, attempted to appropriate it to the payment of his debts. Before this was done, or whilst the personal representative of her father had it in his hands, she applied to a court of equity to have it settled upon her—the amount was four or five hundred dollars, and the husband insolvent. The Chancellor granted the relief sought, and of this the creditors of the husband complain. The facts stated being established by positive and uncontradicted proof, there is no room to question the right of a court of equity to secure this estate to the wife ; and, without noticing the cross-appeal further, as this is the only error assigned, it is proper to consider the appeal of Mrs. Bethel, on which

she maintains that her land and homestead had been subjected by the Chancellor to the payment in part of the husband's debts.

Her husband owned a small tract of land that had been sold under various executions against him, and, as he lived on the land at the time, there was set apart to him as a homestead seven acres of the land, including the dwelling. The sale failing to satisfy the executions in full, one of the execution creditors, whose debt existed prior to the homestead law, had the homestead levied on and sold to pay his debt. It was sold and the purchaser transferred his bid or claim to the wife of the debtor, who, out of her own means, paid off the debt. The land selling for less than two-thirds of its value, these creditors, who are appellees here, had these executions levied on the equity of redemption, insisting, and as the record shows, that it was subject to these debts, having been accquired by the husband after the debts originated.

The levy was made but a short time before the time for redemption expired, and no sale having been made, for the reason that the sheriff had no time to advertise the same, it is now maintained that a court of equity is invested with the power to grant the relief and subject the property to the payment of the debt, because of the inability of the sheriff to sell.

It is manifest that when the year expired from the first sale that the right of exemption had gone from the debtor, and if the debtor could not redeem, we are unable to see how the Chancellor, by reason of the

statute, or upon any equitable principle, could extend the time for redemption to the creditor, and at the same time withhold that right from the debtor.

The right to sell the equity of redemption is purely statutory, and when the year expires, although a levy has been made, the right of redemption, which was the subject of the levy, no longer exists.

Where there has been a sale of the land and the right of redemption exists, and that right is levied on and sold, the debtor must still redeem from both purchasers before he can re-invest himself with title or remove the liens, and this he must do before the expiration of the year from the date of the first sale. The purchaser of the right of redemption may, before the end of the year from the first sale, pay the prior purchaser his money, and will then be entitled to the land unless redeemed by the execution defendant within the year, not from the day the sale of the right to redeem is made, but from the date of the prior sale, from which the right of redemption originates. This is in substance the provision of the statutes, and the relief given in this case is an extension of the right to redeem to the creditor, which is not authorized by the letter or spirit of any of its provisions, and, in fact, is a sale of that which is not in being.

The judgment is therefore reversed, and cause remanded with directions to dismiss the petition. (General Statutes, chapter 38, sections 5 and 6 of article 12.)