Ballard v. Scruggs.

## BALLARD v. SCRUGGS.

## (*Knoxville.*   October 13, 1891.)

1. EXECUTION SALE.   *Of land void, when.*

   Execution upon a joint judgment against two debtors was levied upon their respective undivided interests in a tract of land.   The interests of both debtors were sold together, under this levy, for a single sum.

   *Held:* This sale is void.

   Case cited and approved : Cooke *v.* Walters, 2 Lea, 116.

2. CHANCERY COURT.   *Jurisdiction to vacate satisfaction of judgment and enforce lien of levy.*

   Chancery Court has jurisdiction to vacate satisfaction of judgment effected by void execution sale of lands, and, if the levy thereon is valid, to enforce its lien by sale of the lands.

   Cases cited and approved: Henry *v.* Keys, 5 Sneed, 487; Smith *v.* Hinson, 4 Heis., 250; Shannon *v.* Erwin, 11 Heis., 337; Christian *v.* Clark, 10 Lea, 636.

3. STATUTE OF LIMITATIONS.   *Of ten years bars action on judgment.*

   Suit to vacate satisfaction of a judgment and to recover a new judgment thereon is barred if not commenced within ten years from date of the original judgment.

   Code construed: ? 3473 (M. & V.) ; ? 2776 (T. & S.).

   Cases cited and approved: McGrew *v.* Reasons, 3 Lea, 485; Cannon *v.* Laman, 7 Lea, 513.

4. SAME.   *Of ten years bars suit to enforce lien of levy on land.*

   Suit to enforce lien of levy of execution upon lands is barred if not commenced within ten years after the levy was made.

   Code construed : ? 3473 (M. & V.) ; ? 2776 (T. & S.).

Ballard *v*. Scruggs.

Cases cited and approved: Alvis *v*. Oglesby, 87 Tenn., 180; Hughes *v*. Brown, 88 Tenn., 578.

### FROM SEVIER.

Appeal from Chancery Court of Sevier County. H. R. GIBSON, Ch.

R. M. McKEE for Ballard.

M. B. McMAHAN, W. R. TURNER, and G. W. PICKLE for Scruggs.

LURTON, J. This is an ejectment bill to recover possession of two undivided one-ninth interests in a tract of six hundred acres of land.

Complainants claim to have acquired the title of the defendants by virtue of judgments, levy, and sale, and exhibit a Sheriff's deed for the interests they seek to recover.

Many objections have been urged to the proceedings under which complainants claim, only one of which need be determined.

T. and E. B. Scruggs owned each a one-ninth interest in the lands in controversy. Judgments were rendered against them, and executions levied upon the interest of each as tenants in common. These two undivided interests were sold together,

and purchased by the judgment creditors, under whom complainants hold. This sale was void. Each interest should have been sold separately; otherwise, one could not redeem his own interest without redeeming that of the other. It makes no difference that each was bound for the whole debt bid on the two interests.  One might have been able to have redeemed his interest by paying off that part of the joint debt placed on his share. The other might have been willing to have let his interest go in discharge of the rest of the debt. Another result was to cut off the creditors of each from redeeming if such creditor was a separate creditor.

The case falls within the principle frequently decided, that where an execution is levied upon two or more parcels of land belonging to the same debtor, that each parcel must be separately sold, in order that the debtor or his creditors may redeem one without being obliged to redeem all. *Cooke et al.* v. *Walters*, 2 Lea, 116.

Before final decree, complainants amended their bill so as to pray that, in the event the execution sale should be held void, satisfaction of the judgments against the defendants might be set aside and the lien of their levies enforced by decree.

Equity has jurisdiction to set aside satisfaction of a judgment at law where the sale under execution was void. *Henry* v. *Keys*, 5 Sneed, 487; *Smith* v. *Hinson*, 4 Heis., 250.

In the last case, under a bill to clear title

claimed under Sheriff's deed, it was held that complainants had obtained no title, because the debtor's interest was not a legal title, but that, under an amended bill, the Chancery Court could set aside satisfaction and decree a sale of the property involved for the satisfaction of complainants' judgment.

In *Shannon* v. *Erwin*, 11 Heis., 636, the case was this: The complainants filed a bill to clear title to property claimed under Sheriff's deed. The Court held that complainants' title was void for want of notice of sale to judgment debtor. It appearing, however, in the pleadings that complainant had made a valid levy, satisfaction was set aside and the lien of the levy enforced by decree under prayer for general relief. See also *Christian* v. *Clark*, 10 Lea, 636.

To this relief defendants interpose the statute of limitations of ten years. The judgments and levies upon which complainants' title depended were more than ten years old when this bill was filed. By § 3473, Code of M. & V., "actions on judgments and decrees of Courts of record of this or any other State or government" are barred in ten years. If this be treated as an action on a judgment—as it undoubtedly is, so far as any relief is sought by reason of such judgment—then it cannot be maintained. *McGrew* v. *Reasons*, 3 Lea, 485; *Cannon* v. *Lamon*, 7 Lea, 513. Aside from this, it is a suit to enforce the lien of a levy made more than ten years before such relief

Ballard *v.* Scruggs.

was sought.    It falls within that clause of § 3473, providing that the bar of that section shall extend to "all other cases not expressly provided for." *Alvis* v.   *Oglesby*,   2   Pickle,   180,   181;   *Hughes* v. *Brown*, 4 Pickle, 578.

Affirm the decree dismissing bill.