CASE 17—ATTACHMENT PROCEEDINGS BY POTTER, MATLOCK & CO.
AGAINST C. C. SMITH IN WHICH GARNISHEE PROCESS IS SERVED ON
L. H. SKILES AND IN WHICH OTHER CREDITORS OF SMITH SET UP
CLAIMS.—NOVEMBER 13.

# Potter, et al. v. Skiles, et al.

### APPEAL FROM WARREN CIRCUIT COURT.

FROM A JUDGMENT IN FAVOR OF SKILES CERTAIN CREDITORS APPEAL.
AFFIRMED.

MORTGAGES— EXECUTIONS—JUDICIAL   SALES— REDEMPTION— FRAUD—
HUSBAND AND WIFE—DOWER—ATTACHMENT.

Held:    1. Land subject to mortgage was sold under execution, and
purchased by the execution creditors.    Subsequently the mort-
gage was foreclosed, and a decree was entered for a sale, to
pay in order, the mortgage, the execution lien, and other claims
held by H. and others.  The proceeds of the sale were suffi-
cient to discharge only the mortgage and execution lien, and
the mortgagor's equity of redemption was then sold to plain-
tiff, under Kentucky Statutes, section 1686, providing that,
though the equity of redemption may be sold, the debtor still has
a right to redeem until the end of the year from the first sale.
The debtor being unable to redeem, S. agreed to pay the sum
to plaintiff who had exercised his right of redemption, and S.
also agreed to pay the debtor's wife a certain amount on her
joining in a deed of the land to S., releasing her potential right
of dower.    Before consummation of this agreement, H. and
others had caused executions to issue against the debtor, and
on the day that the deed was executed to S., plaintiff brought
an attachment suit against the debtor on another debt, and
caused garnishee process to be served on S.    Afterwards the
outstanding executions of H. were levied on the land.    HELD,
that the transaction between the debtor and S. was not a re-
demption by the debtor, whereby title revested in him, and be-
came subject to the executions of H., but that the debtor's right
to redeem was personal, and not an interest in the land, and
the deed to S. was an assignment of this right, and redemption
inured to the benefit of S.
2. The transaction between the debtor and S. was not fraudulent.
3. The only right remaining in the debtor's wife was to compen-

Potter, *et al.* v. Skiles, *et al.*

sation for the value of her right of dower in that part of the land not necessary to the payment of the mortgage debt.

4. By the extended opinion by Judge O'Rear granting a rehearing so far as the rights of the debtor's wife, Mrs. Mamie Smith, are concerned, it is held that after the sale of the debtor's land under the original execution and the sale of his equity of redemption therein, and he had conveyed his equity of redemption in both sales to Skiles who was the purchaser thereof at both sales, the purchaser Skiles, desiring to obtain a full title thereto, procured from Mrs. Smith a release of her inchoate right of dower in the proceeds of the sale of the entire tract, after paying the mortgage debt for which it was sold, in which transaction the creditors of the husband have no interest and can not require that the sum paid or contracted to be paid the wife for such release shall be subjected to the payment of their debts, though the sum paid the wife may have been more than the actual value of her dower.

LEWIS McQUOWN, FOR APPELLANT MAMIE H. SMITH. JOHN B. RHODES, OF COUNSEL.

### POINTS AND AUTHORITIES.

1. Neither Potter nor the Warren deposit bank acquired a lien under the execution, or attachment upon the second equity of redemption, because it is not made liable by statute to levy or sale. Section 1686, Kentucky Statutes.

2. The execution in favor of J. H. Smith was prior in time and levy to the execution of Potter and the attachment of the bank. The judgment was sufficient to uphold the execution in favor of Smith. Sec. 368, Civ. Code; secs. 1663 and 1653, Kentucky Statutes; secs. 47 and 51, Freeman on Judgments.

3. The conveyance with warranty by Smith to Skiles invested him with the right to redeem and the redemption, at the time the conveyance was made, passed the title directly to Skiles. Ewing v. Cook, 1 Pickle, (Tenn.) 332; Stoddard v. Forbes, 13 Iowa, 296; Watson v. Hannum, 10 Sm. & M., 521; Stockett v. Taylor, 3 Md. Ch., 537; Harvey v. Spalding, 16 Iowa, 397; A. & E. Ency. Law, vol 20, p. 636, (1st. ed.); Hepburn v. Kerr, 9 Hump., 726; Moody v. Funk, 82 Iowa, 1; Beavans v. Dewey, 82 Iowa, 85; Gimble v. Ferguson, 58 Iowa, 44.

4. The second equity can not be subjected either under execution or by bill in chancery. Ewing v. Cook, 1 Pickle, 332; secs. 1686 and 2365, Kentucky Statutes.

5. The conveyance by Smith to Skiles was not fraudulent in fact. It could not be fraudulent in law, because the interest

Potter, *èt al.* v. Skiles, *et al.*

Smith had in the land could not have been subjected by his creditors. Hence they have no right to complain. Ewing v. Cook, 1 Pickle, 332; secs. 1686 and 2365, Kentucky Statutes.

6. Mrs. Smith was the owner of potential right of dower in the land. She agreed to release it for $799.00. The court had no power to compel her to part with this right for $143.00.

7. Even if the contract was fraudulent, Mrs. Smith did not forfeit her right to dower, or power to contract. The contract should have been enforced or set aside, in its entirety, so far as she was concerned.

8. The court had no power in a proceeding, *in invitum*, to fix Mrs. Smith's dower or adjudge how much she should sell it for. This suit was not brought for that purpose.

JOHN M. GALLOWAY, FOR APPELLANT, P. J. POTTER.

POINTS AND CITATIONS.

1. Appellant Potter had an execution lien on the land conveyed to Skiles when Smith recovered it and when he conveyed or passed title to same. See Kentucky Statutes, secs. 1660 and 2362; Million v. Riley, 1st Dana, 359; Whitehead v. Woodruff, 11 Bush, 209; Mahibben v. Arndt, 10 L. R., 847.

2. Skiles does not plead, nor does it appear, that he was a bona fide purchaser without notice or ample means of notice. Seymour v. McKinistry, 106 N. Y., 230; Frost v. Beckman, 1st Johnson's Chancery, 302; Johnson v. Toulem, 52 Am. Dec., 212, notes; Everet v. Ayers, 65 Id., 315; Devlin on Deeds, secs. 727 to 743; Pomeroy's Equity, secs. 594 to 604, and notes; Williamson v. Brown, 15 N. Y., 354; Nantz v. McPherson, 23 Ky., 597, T. T. B. M., Russell v. Petree, 10 B. Mon., 184; Barnard v. Campan, 29 Mich., 162.

3. The transfer from Smith to Skiles was not for a fair and adequate consideration and was made by vendor with fraudulent intent of which vendee Skiles had notice. Kentucky Statutes, sec. 1903; Summers v. Taylor, 80 Ky., 429; Carter & Co. v. Richardson, 22 L. R., 1209; Lain, &c. v. Morton, &c., 23 L. R., 438; Willis v. Valette, 4 Mt., 189; Notes to State v. Mason, 34 A., State Reports, 399.

4. As to value of potential right of dower, see Lancaster v. Lancaster's Trustee, 78 Ky., 202; Schweitzer v. Wagner, 94 Ky., 458.

5. All the writings which made up the trade between Skiles and Smith one instrument or contract. See Philips v. So. Div. C. & C. R. R., 22 L. R., 1530.

6. Potter's lien was older and superior to that of the Warren

Potter, *et al.* v. Skiles, *et al.*

Deposit Bank under its attachment. See Hardin v. Harrington, II. Bush, 367.

WRIGHT & McELROY, FOR APPELLEE, BANK.

On January 23, 1899, the equity of redemption was sold in this land. The last day to redeem was May 23, 1899.

On May 16, 1899, Potter had an execution issued against C. C. Smith and same was thereafter levied on this 129 acres. On May 20, 1899, Smith and wife sold to Skiles this land, he furnishing the money with which to redeem it, and gave his note for $799.65, which was attached by the plaintiff bank.

The first issue is with Potter. After Smith's land had been sold, and equity of redemption had been sold, what was left upon which his *fi. fa.* could be levied? An execution could only reach the *legal* title to the property. What legal title did Smith have after the legal title and the equity of redemption had both been sold?

We submit that all that Smith had left, if the property was worth more than the debts against it, was an equity—an intangible equity—which might, or might not, be of value. If he failed to redeem, it was worth nothing; if he redeemed or sold when he had the right to do so, he had the surplus. But in *no event* could an execution reach whatever he had, and, therefore, we take it that Potter's *fi. fa.* did not and* could not create any lien upon the property, and this, too, even if he had had notice given in the county court clerk's office, as required by law, *which he did not do.*

But Mrs. Smith claims that the proceeds of the note should go to her, as against the attachment of the bank. Why? Was it her property? Had it ever been her property? Did she pay anything for it? She and her husband had gotten their homestead. She had signed the mortgage and waived her dower as to the pay debt of about $2,500. Her potential right of dower in the residue, to-wit., $143.66, was given her by the court below. The value of her potential right of dower being $143.66, how can she claim that $799.65 is required to pay it?

C. C. Smith owed the plaintiff bank a large sum of money. He realized out of an equitable asset $799.65; he had his homestead and exemption; this justly belonged to his creditors. Suppose the note of Skiles had been made payable to him, and not Mrs. Smith. Would not the court have given it to the bank under its attachment? Because it was made payable to Mrs. Smith, does that alter the rights of the parties?

We respectfully submit that the decree of the lower court

Potter, *et al.* v. Skiles, *et al.*

was correct, and, if any error was committed, it was to the prejudice of the bank and not to either Potter or Mrs. Smith. An affirmance is asked.

SIMS & GRIDER FOR APPELLEE SKILES.

## POINTS AND AUTHORITIES.

We claim: (1) That under the arrangement by which Skiles furnished the money and redeemed the property, that C. C. Smith was never beneficially seized after redemption, but only received title as trustee for Skiles and for the purpose of transmitting it to him.

(2) That under the provisions of sec. 2358a, Kentucky Statutes, the appellant, having failed to file in the county court clerk's office notice of his alleged execution lien, can not now assert his lien against Skiles, who purchased without notice of the execution. (As to Skiles having no notice, see deposition of Grider, Record page 118).

Wherefore we respectfully ask that the judgment of the lower court, so far as Skiles is concerned, be affirmed.

## AUTHORITIES CITED.

Makibben v. Arndt, 88 Ky., 182; Powers v. Andrews, 84 Ala., 289; Commercial Bldg. Co. v. Parker, 84 Ala., 289; American Freehold Co., &c. v. Sewell, 13 L. R. A., 299.

OPINION OF THE COURT BY JUDGE DuRELLE—AFFIRMING.

In 1897 appellee C. C. Smith was the owner of a tract of 147 acres of land in Warren county, upon which he resided with his family, and which was mortgaged to Mrs. Payne for $2,000. Potter, Matlock & Co., bankers, obtained a judgment against Smith for $750, the execution for which was levied upon this land, and the land sold by the sheriff, subject to Mrs. Payne's mortgage, the execution plaintiffs becoming the purchasers for $508. Afterwards Mrs. Payne brought suit to enforce her mortgage lien for $2,000 and interest, making Potter, Matlock & Co. and other creditors defendants, who set up their excution lien for $508 and interest. In this proceeding, on motion of Smith, a homestead of 17¾ acres was set apart to him, which was exempt from sale for any of his debts except the debt to

Mrs. Payne. A decree was entered for a sale of the land to. pay, first, Mrs. Payne's mortgage debt; next, Potter, Matlock & Co.'s execution lien; next, a debt to Joe H. Smith, a son of C. C. Smith, of $3,000, secured by a mortgage signed only by C. C. Smith; and, lastly, a claim of P. J. Potter for $1,445. The 130 acres remaining after setting aside the homestead were sold to J. W. Potter for $2,990, the amount of the Payne and the Potter, Matlock & Co. claims, which was less than-two-thirds of $6,450, the appraised value of the land. C. C. Smith's equity of redemption was then sold, and purchased by the Warren Deposit Bank for 100, and the bank thereupon redeemed from J. Whit. Potter, the first purchaser. C. C. Smith, therefore still had the statutory right of redemption until the end of a year from the first sale, which expired May 23, 1899. Kentucky Statutes, section 1686. Being unable to raise the money with which to redeem, he arranged with appellee Skiles to pay the bank $3,392, Skiles agreeing to pay Mrs. Smith $799 upon her joining her husband in a deed for the land to Skiles; and on May 20, 1899—three days before the expiration of the redemption period—C. C. Smith and wife executed a deed for the land to Skiles. Skiles paid the $3,392 to the bank, and executed an obligation to pay $799 to Mrs. Smith as an inducement to her to re-release her potential right of dower, providing in that obligation that, as there were executions in the hands of the sheriff in favor of Joe H. Smith and P. J. Potter, that sum was not to be paid until all cloud upon the title to the land by virtue of such executions and the claim of the Warren Deposit Bank should be removed, and a good and perfect title vested in the obligor. There was a further provision for the deduction of Skiles' costs in any litigation necessary to perfect his title, and for the payment of an attorney's

fee to the counsel of Mrs. Smith. On the same day Joe H. Smith executed a written assignment to Skiles of the lien claimed by him in virtue of his execution against his father in the hands of the sheriff. On May 16th—four days before the execution of the deed—Joe H. Smith had caused to be issued and placed in the sheriff's hands what purported to be an execution for $3,000 against C. C. Smith.

A few minutes afterwards P. J. Potter placed an execution against C. C. Smith for $1,445 in the hands of the sheriff for levy. On the same day that the deed was executed the Warren Deposit Bank brought an attachment suit upon a judgment and return of "No property" for $2,450 against C. C. Smith, and caused garnishee process to be served upon Skiles. Two days later, Joe H. Smith's and P. J. Potter's executions were indorsed by the sheriff as levied on the land May 22, 1899. Potter's levy being subject to Smith's. P. J. Potter, Joe H. Smith, Mrs. Smith, and Skiles became parties to and set up their various claims in the attachment suit of the Warren Deposit Bank against Smith, the judgment in which is now before us for review. Potter claims that the transaction between Smith, Skiles and the bank was a redemption by Smith, whereby Smith reacquired title to the land at a time when Potter's execution was in the sheriff's hands in full force; that he thereby acquired a lien upon the land, and the levy of his execution related back to the time Smith acquired title by his redemption, and that Joe H. Smith's execution was void, for reasons which need not be here considered.

After the sale of the equity of redemption, C. C. Smith had no property in the land which was subject to his debts. He had a personal right to redeem, which might be exercised at any time within one year from the date of the first sale. This right could not be exercised by his cred-

itors.  The Legislature made the equity of redemption sub-
ject to levy and sale, but in the same section (1686) pro-
vided for a second right of redemption, without any pro-
vision for subjecting it to the payment of debts.  By sec-
tion 2365, applicable to judicial sales, the right to subject
for debt granted by the statute is also limited to the first
equity of redemption, as in the case of execution sales.
It would seem, therefore, that this provision for the second
right of redemption is a provision wholly in the interest of
the debtor.  In Bethel v. Smith, 83 Ky., 87, 7
R., 15, it was held that the right of the creditor
to sell the equity of redemption was purely statu-
tory, and therefore must be exercised in strict
accordance with, and within the time limited by,
the statute  The transaction between C. C. Smith, the
bank, and Skiles was not a redemption by Smith from the
bank, which vested the title in him, and made it subject
to the execution of Potter, followed by a conveyance of
his title thus acquired to Skiles.  It was one transaction,
whereby Smith assigned his interest by his deed with cov-
enant of warranty to Skiles, and Skiles redeemed the prop-
erty for himself.  In Harvie v. Spaulding, 16 Iowa, 397,
85 Am. Dec., 526, in an opinion by Judge Dillon, it was
said, in construing a similar statute, that:  "The judgment
debtor, certainly where, as in the case at bar, he has con-
veyed with covenants, may, as such debtor, redeem.  His
grantee, by virtue of his conveyance, has such an interest
in the property as would also entitle him to redeem."  In
the present case there was but one transaction.  No ben-
eficial interest vested in Smith to which the execution could
attach.  It was a redemption by Skiles, who paid the mon-
ey to the bank officer, and it inured to his benefit.  Nor was
there any fraud in this transaction, in so far as it was a

redemption for the benefit of Skiles by the payment to the bank of the money furnished by him. The right was personal to Smith. He had the right to lose it by limitation, to exercise it himself, or to transfer it to a third person. In our opinion, he either exercised it for the benefit of Skiles, or transferred it to Skiles, and Skiles exercised it.

It becomes unnecessary, therefore, to inquire into the question of priority between the executions of Joe H. Smith and Potter, or whether Skiles knew or did not know of the existence of the Potter execution. He had the right to purchase Smith's right of redemption, and take a deed from him, when the land was redeemed. In this transaction he obtained no estate that either execution could reach. Nor was there any lien upon what he obtained.

But the obligation to Mrs. Smith presents a different question. She had no dower in the land, so far as the Payne mortgage debt was concerned. She had released her dower right as to that. What remained to her was the right of compensation for her potential right of dower in the proceeds above what was necessary to pay that debt. She could not prevent the sale of the land, free from her dower, in the suit to enforce the mortgage; and it was in fact so sold. The utmost to which she could be entitled was compensation for the value of her right of dower in that part of the land not necessary to the payment of that debt, though the proceeds of that part of the land were obtained by a sale of the husband's personal right of redemption. The learned special judge below took the view that the transfer of the right of redemption was the consideration for the obligation given to Mrs. Smith, and that that obligation was in reality for Smith's benefit, and, in consequence, was subject to the attachment for Smith's debt. Upon the record before us we are not able to reach

a different conclusion. There was, therefore, no error to the prejudice of Mrs. Smith, and the judgment is affirmed.

Extended opinion by Judge O'Rear granting petition for rehearing as to the interest of Mrs. Mamie Smith, appellant:

The opinion delivered herein November 13, 1902, in so far as it treats of the rights of Mrs. Mamie Smith, the wife of the debtor whose property was involved in this litigation, is withdrawn. A rehearing is granted to her. It will be borne in mind that the land of her husband had been sold under execution. Failing to bring two-thirds of its appraised value at such sale, his equity of redemption was also sold under execution. This sale was expressly authorized by statute. The same statute also gives to such debtor the right to redeem from both sales within a year from the date of the first sale. See sections 1684-1686, Kentucky Statutes. The executions under which this land was sold were against the husband alone. Any sale and conveyance of the land passed the title of the husband, necessarily subject to the inchoate right of dower of the wife therein. Although a part of the land was taken to satisfy a mortgage in which she had joined, relinquishing her dower so far as the mortgage debt was concerned, yet as to the residue of the land, and as to the proceeds of the sale of such residue, where the whole tract was sold under these proceedings, she continued to have her inchoate right of dower. Section 2135, Kentucky Statutes, is: "The wife shall not be endowed of land sold, but not conveyed by the husband before marriage, nor of land sold, in good faith, after marriage, to satisfy a lien or encumbrance created before marriage or created by deed in which she had joined, or to satisfy a lien for the purchase money; but if there is a surplus of the land or proceeds of sale after satisfying

the lien, she may have dower out of such surplus of the
land or compensation out of such surplus of the proceeds,
unless they were received or disposed of by the husband
in his life time." The wife's claim, therefore, was a valid
one, and valuable, although it was dependent necessarily up-
on her outliving her husband. The purchaser, Skiles, desired
a title free of the incumbrance of her claim. He contracted
with her to pay her $799 for it. She refused to join in the
deed conveying her potential dower unless she was first sat-
isfied. The purchaser and she agreed that he would pay
her $799 for her interest. Whether this was excessive is
not material in this case. Skiles, the purchaser, is not
complaining that he has paid too much. He is not seeking
to avoid his contract for any reason. Mrs. Mamie Smith is
insisting upon it. We can not see why these persons, com-
petent under the law to make a contract, may not make such
one as this. Nor can we see wherein the creditors of the
debtor, Smith, are affected by it. The original opinion holds
that Smith's right of redemption of the last sale—the one
to the bank—was not subject to sale under the execution
of his creditors; that his right of redemption of his inter-
est sold was a personal one, which he could exercise or
not; and that his failure to exercise it was not a subject
of complaint at law by his creditors. If he had failed to
exercise it, the interest of his wife, by reason of her in-
choate dower, would not have been less than it was after
he had exercised it. His action or non-action could not
affect its value. Therefore the mere fact that the pur-
chaser of the land, who redeemed it under Smith's assign-
ment of his right, paid Mrs. Smith more for her dower
than the court might believe the dower was worth, can
not affect her right to receive and retain the agreed price.
Of course, if it had been made to appear that Smith had

conveyed his property, which otherwise would have been
subject to his creditors, to a vendee, who paid the consid-
eration to the debtor's wife nominally as dower, but as a
matter of fact for the debtor's interest, the arrangement
would be a fraud, and the subterfuge would not be allowed
to stay the court's remedial process. But we can not find
that such was the case here.

The judgment, in so far as it subjects any sum agreed to
be paid to Mrs. Mamie Smith for her dower by Skiles to
the creditors of C. C. Smith, is reversed, and the cause is
remanded, with direction to judge the whole of that sum to
Mrs. Smith.

Judge Settle not sitting.