## Pinson et al. v. Williams et al. (two cases).

June 20, 1941.

Jean L. Auxier for appellants.

Stratton & Stephenson and Burke & Sanders for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

In the Pike Circuit Court Robert Williams recovered judgment against W. W. Pinson for $1,649.25, also he recovered judgment against W. W. Pinson and Earl L. Pinson for $12,055.66; and W. P. Charles recovered judgment against Earl L. Pinson for $798.08.

W. W. Pinson owned a tract of land in Pike County containing 941.40 acres and his brother, Earl L. Pinson, owned an adjoining tract of land containing 892.29 acres, which lands constituted one tract of 1,833.69 acres before it was divided between the brothers. There were other judgments rendered against the two Pinsons, and on January 4, 1937, these lands were sold in satisfaction of the various judgments. The lands were appraised for a total of $42,130 and at the decretal sale W. V. Young became the purchaser for $22,000, which was less than two-thirds of their appraised value.

On January 28, 1937, Williams and Charles had executions issued on their judgments which were attempted to be levied the following day upon the equities of redemption of the Pinsons in these lands. Instead of levying these executions upon the equity of redemption of each of the Pinsons in the tract of land owned by him, the sheriff levied all of them on the equities of redemption of "E. L. Pinson and W. W. Pinson  *  *  *  in that tract of land,  *  *  *  of 1,833 acres." By written directions addressed to the sheriff on April 12, 1937, by the attorney representing the judgment creditors, the sale of the equities of redemption was held up, and a sale thereof was not had until December 6, 1937, when Robert Williams became the purchaser for the amount of his debt, interest and cost, aggregating $16,175.20. On Dec. 16, 1937, Williams assigned his bid to R. S. Johnson and John A. Bentley.

On December 18, 1937, each of the Pinsons filed a separate motion to quash the executions and to set aside the sheriff's report of sale. These motions were overruled by the trial judge, whereupon the Pinsons prosecuted separate appeals which have been heard together in this court. During the pendency of the litigation W. V. Young, the purchaser of the property at the master commissioner's sale for less than two-thirds of its appraised value, by agreement with the Pinsons caused orders to be entered extending the time within which they might redeem this land, the last of which extended the time for redemption until and including fifteen days after the decision on this appeal becomes final. On motion of Johnson and Bentley, the chancellor set aside all of these orders of extension.

While many reasons are assigned why the trial court should have quashed the executions and set aside the sheriff's report of sale, it is only necessary for us to consider two of them: 1. That the delay in selling the equities of redemption from the time of the levy of the executions on January 29, 1937, to the day of sale on December 6, 1937, limited the debtor's time to about one month within which to redeem; 2. that the executions were levied without regard to the separate judgments rendered against each of the Pinsons and were levied as if all three judgments had been against them jointly; and the executions were levied on the equity of redemption of the Pinsons as if they jointly owned the 1,833

acres of land, when in fact each owned a separate tract in which he had a right of redemption.

There is no merit in the first contention that the delay in the sale for about ten months after the levying of the executions limited the time within which the judgment debtors might exercise their right of redemption. Where real estate sold to satisfy a judgment does not bring two-thirds of its appraised value, the judgment debtor and his representatives have the right to redeem same within one year from the date of sale; and where the equity of redemption is sold, the judgment debtor shall have the right to redeem against the purchaser of the equity until the end of the year from the first sale. In other words, the judgment debtor has the right to redeem his land from both the purchaser of the land and from the purchaser of the equity of redemption, but his right of redemption must be exercised before the end of the year from the first sale, Sections 2364 and 2365, Kentucky Statutes. Potter v. Skiles, 114 Ky. 132, 70 S. W. 301, 71 S. W. 627; Miller v. Wheeler, 147 Ky. 131, 143 S. W. 1028; Rogers v. Beam's Ex'r, 169 Ky. 239, 183 S. W. 930. Appellants cite Cook v. Clemens, 87 Ky. 566, 9 S. W. 820, 10 Ky. Law Rep. 604; Deposit Bank of Cynthiana v. Berry's Adm'r, 2 Bush 236, 65 Ky. 236, as supporting their arguments that great delay between the levy of the executions and sale thereunder amounts to a waiver or abandonment of the execution lien. An examination of these cases shows that the right of third persons intervened and the court held there was a waiver or abandonment of the lien only insofar as the rights of third parties were concerned.

The question of quashing the returns on the executions is more serious. One of the executions was issued on a judgment Robert Williams recovered against W. W. Pinson for $1,649.25; another was issued on a judgment Williams recovered jointly against Earl L. and W. W. Pinson for $12,055.06; while the third was issued on a judgment W. P. Charles recovered against Earl L. Pinson for $798.08. Each of these executions was levied on the equities of redemption of Earl and W. W. Pinson in a tract of 1,833 acres, although this land was not owned jointly by these two brothers. Earl individually owned 892 acres and W. W. individually owned the remaining 941 acres. However, in levying the three executions, the sheriff treated them as if each were issued

318

against both of the Pinsons and levied each execution upon the supposed equity of redemption of each brother in the tract of 1,833 acres despite the fact it was not jointly owned by them.

As the execution debtors did not own the 1,833 acres jointly neither had an equity of redemption in this tract upon which the sheriff could levy. In reality, the executions were not levied on anything. Certainly, Earl is not liable on the execution issued against W. W. for $1,649.25, nor is W. W. liable on the execution issued against Earl for $798.08, nor is the property of one of them subject to levy or sale under an execution issued against the other. 21 Am. Jur. 190, Section 387; Forsythe v. Ellis, 4 J. J. Marsh. 298, 27 Ky. 298, 20 Am. Dec. 218; Bridges v. Caldwell's Ex'rs, 2 A. K. Marsh. 195, 9 Ky. 195; Sanders' Adm'r v. Buck, 2 J. J. Marsh. 476, 25 Ky. 476. It cannot be said the execution issued against each debtor was levied on his equity of redemption in the separate tract he owned, since the levies recite the respective equity of redemption of each in the 1,833-acre tract was levied on. But if the execution debtors had owned the 1,833 acres jointly and the execution issued on the $12,055.06 judgment (upon which both were liable) had been levied on the interest of each, yet the sale was void because the two undivided interests were sold together. Each interest should have been sold separately, otherwise, neither could redeem his interest without redeeming that of the other. 21 Am. Jur. 108, Section 212; Ballard v. Scruggs, 90 Tenn. 585, 18 S. W. 259, 25 Am. St. Rep. 703.

Since the three executions were not levied on the equities of redemption in the respective tracts owned by each execution debtor, and since there was not a separate sale of each interest, the attempted sale was void. It follows that the chancellor erred when he did not quash the executions and did not set aside the sheriff's report of sale. As there was no valid sale of the equities of redemption, the chancellor erred in setting aside the agreed order wherein W. V. Young granted to the Pinsons an extension until fifteen days after the decision on this appeal becomes final within which they may redeem.

The judgment in each case is reversed, with directions that judgments be entered consistent with this opinion.