## Howard, et al. v. Deems, et al.

(Decided January. 22, 1918).

## Appeal from Magoffin Circuit Court.

1. Partition—Jurisdiction.—Under section 499 of the Civil Code the county court and the circuit court have concurrent jurisdiction of actions for partition of land.

2. Partition—Remedy of Complaining Party—Appeal.—Where land is partitioned in the county court pursuant to section 499 of the Civil Code, and the error of which one of the parties complains appears in the record as made up in the county court, his remedy is by appeal directly to the Court of Appeals.

3. Partition—Remedy of Complaining Party—Appeal.—But where the error does not appear in the record as made up in the county court, a suit by one of the parties to modify or vacate the judgment must be brought in the county court.

4. Partition—Allotment—Deeds—Commissioners May Adopt Allotment and Deeds Made by Parties.—Where commissioners appointed in the county court to partition and allot land, after making the partition permitted the parties to draw for their shares and to make deeds among themselves, and then adopted the allotments made by the parties as well as the deeds, the effect was the same as if the commissioners had themselves made the allotments and the deeds.

5. Partition—Jurisdiction of Action Attacking Allotment for Fraud.—Where one of the parties in a suit for partition in the county court attacks the partition on the ground of fraud practiced by one of the other parties, the suit to correct this fraud, after the partition proceedings have been confirmed by the county court, must be brought in the county court.

6. Judgment—Collateral Attack—Partition of Land—Suit to Attack Must Be Brought in County Court.—Where land is partitioned in the county court and one of the parties desires to attack the judgment of partition for an error not appearing in the record, he must bring his suit in the county court under section 518 of the Civil Code.

McGUIRE & McGUIRE for appellants.

J. W. HOWARD and AUGUSTUS ARNETT for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The nine adult children of Nathan Howard filed a petition in the Magoffin county court for the division of his land into nine equal shares and the allotment thereof to his children. Following this petition the county court entered an order appointing three commissioners and di-

rected them to divide the land into nine equal parts and allot one part to each of the children. Afterwards the commissioners filed a report of their action in which, as was said: "They proceeded to divide the said farm into nine equal parts according to said order and bounded and described by deeds filed herewith numbers one to nine, inclusive."

Thereafter, and in February, 1915, the report of the commissioners was confirmed in an order reciting that "their report of the division is filed and approved and confirmed and ordered to be recorded in a book kept for that purpose, and deeds of partition are also filed in said estate, and this cause is ordered stricken from the docket."

In November, 1915, the appellee, Lula Deems, a daughter of Nathan Howard, and her husband filed their petition in the circuit court charging that the commissioners did not themselves allot the shares after the division but permitted the heirs to draw for their respective lots, and that in this drawing between the children, Mrs. Deems drew lot number one and her sister, Bertha Howard, drew lot number five; that at the time of the drawing, Lula Deems lived in the State of Texas and had authorized her brother, Galen Howard, to act for her in the drawing; that after she had drawn through him lot number one, Bertha Howard and the other children who were present colluded together, and without her knowledge or consent, Galen Howard gave to Bertha Howard the ticket to lot number one and took for her the ticket to lot number five; that it was reported to her that she had drawn lot number five, and believing this to be so, she accepted a deed to it from the other children and joined with the others in making a deed to lot number one to Bertha; that some time after the deeds were made she discovered the fraud that had been practiced on her and brought this suit for the purpose of correcting the fraud, so that she might get lot number one which she had drawn and her sister, Bertha, lot number five, which she had, in fact, drawn.

After filing a demurrer to the petition, which was overruled, Bertha Howard in her answer set up, in substance, that Mrs. Deems had instructed Galen Howard, who acted for her in the drawing, that if she drew lot number one she wanted her sister Bertha to have it and she would take in its place the lot that Bertha might

draw; that pursuant to this authority Galen Howard gave to Bertha the ticket to lot number one and took for Mrs. Deems the ticket to lot number five, and subsequently deeds were made accordingly. It further appears that these deeds were not executed to the heirs by the commissioners, as the code directs, but were made by the heirs to each other by consent of the commissioners, and were then delivered to the commissioners, who filed them with their report.

There is no dispute about the fact that Galen Howard drew for Mrs. Deems lot number one, but there is much conflict in the evidence as to whether he was authorized by Mrs. Deems to transfer lot number one to Bertha. On this question of fact, however, the lower court decided in favor of Mrs. Deems and directed that she be given a deed to lot number one and Bertha a deed to lot number five.

On this appeal by Bertha Howard, the principal contention of counsel is that the circuit court had no jurisdiction of the action, and that the petition of Mrs. Deems should be dismissed.

It is provided in section 499 of the Civil Code that persons desiring a division of land held jointly with others may file in the circuit court or county court a suit for division; that when such suit is filed, the court shall appoint three commissioners to divide the land according to the rights of the parties; and it is further provided that the commissioners "shall survey and allot to the parties their respective interests in the land, and make report thereof to the court; which may either confirm, set aside or remand the report to the commissioners for correction. If a report be confirmed, a commissioner to be appointed for the purpose shall, by deed, convey to each party the land allotted to him . . . . An appeal may be taken to the Court of Appeals from a final judgment, whether rendered by the circuit court or county court."

Where land is partitioned in the county court pursuant to these code provisions, and the error of which any of the parties complains appears in the record as made up in the county court, his remedy is by an appeal directly to the Court of Appeals. But in this case the error complained of does not appear in the record as made up in the county court; and so the question arises, should the suit to correct the alleged fraud have been brought in the county court or in the circuit court?

Under section 499 of the code the circuit court and the county court have concurrent, original jurisdiction of actions to divide and allot land, and when a suit for this purpose is brought in the county court, the judgment of that court confirming the partition proceedings, until and unless it is reversed, modified or vacated, is as final and conclusive as would be the judgment of the circuit court in a similar proceeding, and it cannot be attacked collaterally in any other court.

Section 700 of the Civil Code provides: "The provisions of this code shall regulate the proceedings in civil actions in quarterly courts, county courts, police courts, city courts mayors' courts and courts of justices of the peace, except as is provided in this chapter." And we do not find in chapter one, which is referred to, any provision authorizing a collateral attack on the judgment of the county court, although of course such a judgment, if void—which this is not—might be attacked in a collateral proceeding.

We must, therefore, turn to other provisions of the code for the purpose of ascertaining the jurisdiction of courts in actions to vacate their judgments on account of fraud or for other reasons for which judgments are allowed to be vacated or modified, and these provisions are found in section 518. In this section it is provided: "The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it . . . for fraud practiced by the successful party in obtaining the judgment." It, therefore, appears that if it is desired to vacate or modify a judgment of the county court for fraud practiced by the successful party in obtaining a judgment, the action must be brought in the county court under the provisions of sections 518-524.

It is sought, however, to take this case out of this rule upon the ground that the commissioners, although they divided the land into nine shares, did not allot to any of the heirs a share or make deeds to any of them; that the wrong complained of and the fraud sought to be corrected was not committed by the commissioners or by the county court, but by Bertha Howard and the other heirs who assisted her in getting lot number one when she was entitled to lot number five, and in taking from Mrs. Deems lot number one, to which she was entitled, and giving to her in its place lot number five. Therefore, it is said that the only remedy Mrs. Deems had was

to bring a suit in the circuit court to obtain relief from the fraud practiced on her by Bertha Howard and the other heirs.

We think, however, that the situation is the same as if the commissioners had themselves allotted the shares, as it was provided in the order they should do, and as if they or one of them had made the deeds in place of leaving the allotment and the making of the deeds to the heirs, because in the suit of the heirs for a division and the proceedings had therein, the commissioners were charged with these duties, and if they permitted the heirs to select for themselves the lots they should each have, it was the same in effect as if the commissioners had made the allotment; and so if the commissioners permitted the heirs to make between themselves deeds to each other for their respective shares, the effect of this departure from the code provision was the same as if the deeds had been made by the commissioners, or one of them. We say this because the heirs were permitted to draw for the lots as they did do, and to make the deeds as they did do, by the consent of the commissioners. And when this action on the part of the heirs was approved by the commissioners as it was the result was the same as if the commissioners had, in fact, themselves made the allotment and the deeds. The orders of the county court show that the commissioners divided the land and filed with their report deeds, and that their report of the division and allotment as manifested in the deeds which they filed was approved and confirmed by the county court and these orders could not be assailed or set aside in a suit brought for that purpose in the circuit court.

We may, also, here observe, although it is not material, as the orders of the county court are conclusive, that two of the commissioners were present when the shares were drawn by the heirs and knew and approved the manner in which the shares were allotted. It is further shown that the commissioners wrote the deeds filed with their report.

Under these circumstances we think the suit to vacate in part the judgment of the county court should have been brought in that court and not in the circuit court.

Wherefore, the judgment is reversed, with directions to dismiss the petition.