## Campbell's Guardian v. Breathitt County Board of Education et al.

(Decided June 18, 1935.)

T. T. COPE and D. G. BOLEYN for appellant.

O. H. POLLARD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

America Combs owned a life interest in half the rents accruing from a tract of land in Breathitt county, and her infant daughter, Lucinda Campbell, owned the remainder. In the year 1930 the Breathitt county board of education brought an action in the Breathitt county court against America Combs and Lucinda Campbell, and her guardian, America Combs, to con-

demn for school purposes 3 acres of land owned by them. Fred K. Cope was appointed guardian ad litem for the infant defendant Lucinda Campbell. Commissioners were appointed and fixed the damages at $225 or $75 per acre. Thereafter the question of damages was submitted to a jury and the jury fixed the damages at $225, of which it allotted $75 to America Combs and $150 to Lucinda Campbell. The money was paid and a special commissioner was appointed to convey and did convey the land condemned to the Breathitt county board of education. Some two or three years later the board sold the land to Jalia T. Allen.

In the month of January, 1934, Lucinda Campbell, by her guardian, Sam Napier, who had been appointed in place of America Combs removed, brought this equitable action in the Breathitt county court against the Breathitt county board of education, America Combs, Jalia T. Allen, and George Allen, her husband, to set aside the judgment of condemnation and recover the land and rents. The defendants filed a special and general demurrer and moved the court to transfer the cause to the Breathitt circuit court for trial. The court sustained the special demurrer, and over the objection and exception of the plaintiff transferred the case to the circuit court for trial. When the cause reached the Breathitt circuit court, the plaintiff filed a reformed and amended petition. To this pleading a demurrer was sustained, and plaintiff having declined to plead further her petition was dismissed. Plaintiff appeals.

The only question we need determine is whether the action was properly transferred to the circuit court. Appellees insist that the transfer was proper because the land condemned had been conveyed to a third party, and her title was necessarily involved. It is true that circuit courts have jurisdiction in all cases where the title to land is in question, section 966, Kentucky Statutes, and if this were a case where a direct action was brought for the recovery of land without attempting to set aside the proceedings by which the title was acquired a different question would be presented. That, however, is not the situation. Although the title to land is involved, county courts have jurisdiction of condemnation proceedings. By the proceeding in the county court Lucinda Campbell was divested

of title, and through that proceeding Jalia T. Allen acquired title. There can be no recovery of the land unless the judgment be set aside. The court in which a judgment has been rendered has the power after the expiration of the term to vacate or modify it "for fraud practiced by the successful party in obtaining the judgment." Section 518, Civil Code of Practice. The main ground on which the judgment in the condemnation proceeding was attacked is that it was obtained by fraud. In the circumstances the case is similar to one where it is sought to set aside a partition judgment rendered by the county court on the ground of fraud. The rule is that the action must be brought in the county court which rendered the judgment, and cannot be brought in the circuit court. Howard v. Deems, 178 Ky. 760, 199 S. W. 1079. It follows that the case was improperly transferred to the circuit court.

We express no opinion as to the propriety of the circuit court's ruling.

Judgment reversed and cause remanded with directions to remand the case to the county court.

Whole court sitting.