## Davis et al. v. Caudill et al.

(Decided March 13, 1936).

HILL & HOBSON for appellants.

FRED HOWES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

J. M. Trimble, who owned a large boundary of land in Johnson county, died in November, 1925, leaving a widow and 13 heirs. On September 2, 1926, Wince Trimble and other heirs of J. M. Trimble filed a suit in the Johnson county court seeking a partition of the land owned by J. M. Trimble at the time of his death. The court appointed commissioners, who divided the land and executed deeds to the various heirs.

On September 6, 1932, Virgil Davis and other children of Bertha Trimble Davis, a daughter of J. M.

Trimble, who predeceased her father, brought this suit in the Johnson county court against certain of the heirs of J. M. Trimble and the grantees of other heirs to set aside the judgment of partition on several grounds, including the claim that they were parties to the partition suit without their consent, and never acquiesced in the division. Certain of the defendants demurred specially to the petition on the ground that the heirs who had sold their shares of the land were not made parties. On May 1, 1933, the special demurrer was sustained, and plaintiffs were given leave to amend their petition. The petition was amended, and by March 8, 1935, all of the defendants, some of whom were nonresidents, were brought before the court either by warning order or summons. On that day the defendants moved to dismiss the case for want of prosecution. Counsel for plaintiffs filed his affidavit to the effect that the case could be prepared and submitted on the merits at the next term of the court, and also asked that the allegations of the petition be taken as confessed. The court overruled the motion to take the allegations of the petition as confessed, and sustained the motion to dismiss. The court also granted the plaintiffs an exception to the order of May 1, 1933, sustaining the special demurrer. Plaintiffs have appealed.

The first question is whether the court has jurisdiction. Under the Code, county courts and circuit courts have concurrent jurisdiction of actions for the division of land, and an appeal may be taken to the Court of Appeals from a final judgment whether rendered by the circuit court or county court. Section 499, subsecs. 1, 12, Civil Code of Practice. It is also the rule that an action to set aside a judgment of partition rendered by a county court must be brought in that court. Howard v. Deems, 178 Ky. 760, 199 S. W. 1079. As an appeal may be prosecuted to the Court of Appeals from a judgment of partition rendered by the county court and the county court and circuit court have concurrent original jurisdiction of partition proceedings, we think it necessarily follows that an appeal may be taken to the Court of Appeals from a county court judgment dismissing an action to set aside a judgment of partition. It follows that the appeal may be entertained.

One of the contentions is that the special demurrer was improperly sustained. The basis of the claim is that, the grantees of the heirs having been made parties, it was not necessary that the heirs themselves should be made parties. As all of the heirs who have sold the tracts allotted to them in the partition proceedings are liable on their warranties and their rights may be adversely affected by a new partition, there can be no doubt that it was proper to require them to be brought before the court and that the special demurrer, based upon the fact that they were not parties, was properly sustained.

We next come to the question whether the action was properly dismissed for want of prosecution. In Shortell v. Green County, 59 S. W. 522, 22 Ky. Law Rep. 1010, we held it error to dismiss an action for want of prosecution where the answer was insufficient. Here the defendants had not answered when the motion to dismiss was made, and counsel for plaintiffs not only asked that the allegations of the petition be taken as confessed, but made affidavit to the effect that the case could be prepared and submitted on its merits at the next term of the court. If it be error to dismiss for want of prosecution where the answer is not sufficient, it cannot be doubted that it is error to dismiss where no answer at all has been filed and it is made to appear that the case can be prepared and submitted at an early date. In the circumstances, we are constrained to the view that the motion to dismiss should not have been sustained

On the return of the case, the court will reinstate the action on the docket and permit the defendants to answer or take such other steps as they may desire.

Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion.