Judge Owsley
delivered the opinion of the court.
This was an action of debt brought by Long against Car-lisle upon a bond, conditioned for the faithful prosecution of an appeal taken by Carlisle to a judgment of the Wood-ford circuit court,.rendered in favor of Long.
Carlisle, by way of set off, pleaded a judgment which he alledges to have recovered in the same court against Long, before the commencement of the present action, and which he avers still remains in full force and unreversed, &c.
To this plea Long replied, that the judgment appealed from although obtained in his name, was for the benefit of Joseph Kinkead, and moreover avers that the present suit is also prosecuted for Kinkead’s benefit, &c.
Whereupon Carlisle demurred, and Long having joined in demurrer, judgment was rendred against Carlisle, upon the ground of his plea being defective.
We have no doubt but that the circuit court decided in *487 Correctly in adjudging the plea insufficient. The judgment no doubt imports, prima facia, a proper subject of set off, and the plea in apt and appropriate form presents every allegation essential to a valid bar.
-⅞ a menTa^ainft the pl’tff, to present may reply in avoidance of t!íe Plea>Aat right of aco-but to r^ifoatioti0*1 valid,it slio’d set forth the ⅛⅞,. became interested, On a nlea
Notwithstanding, however, the court may have erred in their determination upon Carlisle’s plea, it is proper, as the decision was given upon his demurrer to Long’s replication, that we should examine the sufficiency of that replication.
And with respect to the replication, we are of opinion it furnishes no sufficient matter in avoidance of the plea
Assuming Kinkead to have been the equitable assignee of the demand upon which the judgment, alluded to in the replication, was obtained, there is no doubt but that his interest might have been protected by the court before which the cause was prosecuted. And if equitably entitled to the beneficial interest of that demand, as the piesent action is alledged to have been brought upon a bond given in an appeal from that judgment, he must also be considered'as the equitable assignee in the case now before the court, and consequently, not only entitled to the protection, which should be extended to a person becoming beneficially interested in the suit depending, but, moreover, as the present suit has grown out of, and forms an appendage to, a former one between the same parties, he should, now, obtain the protection which might, in that case, have been extended to him.
Either to a plea ill the former, or present action, therefore, we apprehend, it is competent for Kinkead, bv a replication with appropriate averments, to shew in avoidance such facts and circumstances as may bring himself within the controlling influence of those rules by which protection may be extended to equitable assignees.
But whilst the admissibility of such a replication is conceded, it is denied that the replication to which Carlisle demurred, is One of that character.
That replication, it is true, alledges the former suit to have been prosecuted for the benefit of Kinkead, but that allegation, without setting forth the contract, if any, by which Kinkead obtained the benefit, certainly is not calculated to shew such an investment of the equitable interest, as to avoid an otherwise valid bar.
We are, therefore, of opinion, that the court should have sustained Carlisle’s demurrer, and that the judgment must 4fcasequ«uly b« reversed with costs, aod the cause remand *488 ed, with permission to the defendant in error, if he Should apply for leave to do so, to amend his replication, otherwise for judgment to be entered in favor of Carlisle upon the demurrer, and such other and further proceedings then had, as may be consistent with this opinion.
Pope for plaintiff, Wickliffe for defendant in error.