## Miller v. Wheeler.

(Decided February 23, 1912.)

Appeal from Campbell Circuit Court.

1. Appeal—Right to Prosecute.—Where a debtor's land had been sold at judicial sale, and before the expiration of the year in which the debtor might redeem his property he sold and conveyed said land, the debtor's grantee had the right to prosecute an appeal from an order denying his right to redeem the land.

2. Judicial Sales—Right to Redeem.—In order for the owner of the land sold at a judicial sale, or his grantee, to exercise the right of redemption, it is not necessary that the claim should be presented by a formal pleading; but where the grantee files his affidavit and deed showing his title, and a tender of the purchase money, with interest, to the purchaser, and moved that he be allowed to redeem the land which he had bought after it had been sold, he was entitled to make the redemption.

3. Appeal to be Prosecuted by Real Party in Interest.—Where a debtor's land had been sold at judicial sale, and before the expiration of the year in which the debtor might redeem his property he sold and conveyed said land, his grantee could prosecute the appeal in his own name, he being the real party in interest.

4. Redemption—Right of Under Judicial Sales.—Where the owners of two tracts of land mortgaged them to secure the payment of their joint note, and both tracts were subsequently sold at judicial sale for the purpose of paying the debt, and the rights of redemption in both tracts were subsequently sold jointly, and not separately, the owner of either tract had the right to redeem

his tract by paying the purchase price of the two sales of his tract, with interest, as required by the statute.

NELSON & GALLAGHER for appellant.

JOHN T. HODGE for appellee.

OPINION OF THE COURT BY JDUGE MILLER—Reversing.

John J. Clark owned a tract of 45 acres of land in Campbell County, and W. A. Clark owned an adjoining tract of 32 acres. On September 6, 1886, they jointly executed and delivered to Samuel Shaw a mortgage upon said two tracts of land to secure the payment of their joint and several promissory note for $1,240. Subsequently, on August 24, 1888, W. A. Clark gave a second mortgage upon his 32 acre tract to the appellee, Jasper Wheeler, to secure the payment of W. A. Clark's note for $1,600 payable in two years thereafter. On July 23, 1907, the Shaw note was assigned to Wheeler; and on October 6, 1909, Wheeler filed this suit to enforce his liens. J. J. Clark had died in the meantime, and his widow and children were made defendants. A judgment and order of sale was entered on February 21, 1910; and pursuant to that judgment, on April 4, both tracts were sold for the purpose of raising $1,418.40, the amount of the first or joint mortgage, and Wheeler became the purchaser at the price of $1,400, which was less than two-thirds of their appraised value. Although the judgment embraced the second mortgage note for $1,600, and gave Wheeler a judgment therefor, the sale was based alone upon the first lien note of $1,240, with interest and costs.

On June 29, J. J. Clark's Widow and heirs excepted to the sale, claiming that the two tracts should have been sold separately, and not as a whole, and for other reasons; but on October 18, 1910, their exceptions were overruled, the sale was confirmed, and no appeal has ever been taken from that order. On the same day, October 18, 1910, a judgment was entered directing a sale of the equity of redemption in both tracts to pay the unpaid balance of $18.40 due upon the first lien note, and the second lien note for $1,000 upon W. A. Clark's 32 acre tract. On December 5, the equity of redemption in the J. J. Clark 45 acres was sold to appellant Miller for $100, and the same interest in W. A. Clark's 32 acre tract was sold to appellee Wheeler for $500. On account of irregularities in this sale it was set aside. At a sub-

sequent sale, held March 22, 1911, the equity of redemption in both tracts was jointly sold to Wheeler for $150. The commissioner's report further shows the following action was then taken at said sale:

"At the request of plaintiff (Wheeler) the undersigned Master Commissioner offered the right of W. A. Clark, Martha Clark, Frank Clark, Edmund Clark, Nobleman Clark, Homer Clark, Charlie Clark and Ruth Clark to redeem the second of said tracts (32 acres) when Jasper Wheeler bid $1,500 for the same, and this being the highest and best bid, same was sold to him at said bid."

On the same day the heirs of J. J. Clark conveyed to appellant Miller 38 3-4 acres for a consideration of $100. This 38 3-4 acres is described by metes and bounds, and is the 45 acre tract above referred to, with about 6 or 7 acres evidently excluded.

On April 1, 1911, the sale of the equity of redemption to Wheeler was confirmed, to which ruling Miller excepted. On the same day Miller filed his affidavit, accompanied by his deed from J. J. Clark's heirs, showing that he was then the owner of the 38 3-4 acres of land above referred to. His affidavit further shows that on April 1, 1911, the same day, he had tendered to appellee Wheeler, who was the purchaser at the original sale of the land, and also at the sale of the equity of redemption, the amount paid by said Wheeler at both sales, for said 45 acre tract (being one-half of $1,550, the total purchase price), with ten per cent. per annum interest thereon, aggregating $845.25, and that Wheeler had refused to receive it. Miller thereupon made the following motion: "Affiant now comes and tenders to the clerk of this court in redemption of said land at both sales said sun of $845.25 in legal tender money of the United States, in redemption thereof." The $845.25 was then paid to the clerk of the court as provided by section 2364 of the Kentucky Statutes.

On June 21, 1911, Wheeler moved the court for a deed to the two tracts of land, and for a writ of possession therefor. On October 16, 1911, that motion was sustained, and an order was entered directing the commissioner to make Wheeler a deed according to the terms of his purchase of April 4, 1910, and granting him a writ of possession for the property then bought by him. From that judgment Miller prosecutes this appeal.

1. It is contended, first, that Miller has no right to

prosecute this appeal, since he was not a party to the action, and furthermore, bought the property pendente lite. The statute gives the right of redemption to "the defendant and his representatives." (Kentucky Statutes, section 2364.)

In Harvie v. Spaulding, 16 Iowa, 397, 85 Am. Dec., 526, the court had this question before it; and, in upholding the right of the debtor's grantee to exercise the right, the court said: .

"The judgment debtor, certainly where, as in the case at bar, he has conveyed with covenants, may, as such debtor, redeem. His grantee, by virtue of his conveyance, has such an interest in the property as would also entitle him to redeem."

The foregoing ruling of the Iowa Supreme Court was cited with approval by this court in Potter v. Skiles, 114 Ky., 139, and may, for that reason, be considered decisive of the question of Miller's right to appeal.

2. It is further insisted, however, that, although he had the right to prosecute the appeal, nevertheless he has not properly prosecuted his appeal. Section 734 of the Civil Code of Practice provides, however, that an appeal shall be granted from a judgment as a matter of right, "to a party or privy thereto." Miller filed no pleading, and was never formally made a party defendant to the action; but he filed his affidavit and deed showing his title, and moved that he be allowed to redeem the land which he had bought after it had been sold to Wheeler. The statute does not, in terms, require the defendant to present his request to redeem by means of a formal pleading; on the contrary, it seems clear, that it contemplates an informal and summary method of redemption by a payment, or tender of the purchase money with interest; whereupon the land stands free of the debt, notwithstanding the sale may have been confirmed. (Kentucky Statutes, 2365.) And, for this purpose the grantee stands in the shoes of, and is the representative of the debtor. All that the grantee has to show is that he is the grantee and present holder of the title; he then becomes the representative of the debtor within the meaning of the statute, supra, which gives the right of redemption to the defendant and his representatives.

3. It is further insisted that the appeal should have been brought in the name of the Clark heirs—the original parties to the judgment—and, in support of this

contention appellee relies upon Mason v. Peck, 7 J. J. M., 300, and Marr v. Hanna, 7 J. J. M., 642, 23 Am. Dec., decided in 1832. ·In the last named case in which Marr the assignee of the benefit of a suit, had unsuccessfully opposed its dismissal, the court said:

"The first question for consideration is, can Marr maintain a writ of error in his own name? It is laid down as the general rule, in Tidd's Practice, Title, Error, 1189, 'that no person can bring a writ of error to reverse a judgment, who was not party or privy to the record, or prejudiced by the judgment, and, therefore, to receive advantage by the reversal of it.' It would seem from the rule, that privies, or those who might be prejudiced by the judgment, may maintain a writ of error as well as parties. In respect to privies, there can be no doubt that they may. It is every day's practice to permit privies in blood, as the heir, and privies in representation, as the executor or administrator, to maintain writs of error in their names to reverse judgments rendered against the ancestor or testator or intestate. We perceive no reason why the rule should not hold in every other case of privies. Privies, according to the definition given by Jacob's Law Dictionary, are 'those who are partakers or have an interest in any action or thing, or any relation to another.' Now, Marr has clearly shown, that he had an interest in the debt for which the action was pending. His interest was of such a character as gave him the right to use the name of Drieblebiss in prosecuting. It was an interest which the court was bound to protect according to repeated decisions of this court by allowing him to use the name of Drieblebiss. Indeed, he was so far a party in interest as that a plea of set-off might have been successfully pleaded against him. Ward v. Martin, 111 Mon., 19; Carlisle v. Long, 1 Mar., 486.''

The rule that required the appeal to be prosecuted in the name of the original party to the judgment, rather than by his grantee, and which was, in effect, disapproved though followed in Marr v. Hanna, was the technical rule of the ancient practice, and has been superseded by section 19 of the Civil Code of Practice which requires that every action, except those specifically named in section 21, must be prosecuted in the name of the real party in interest.

In Lampton v. Mobile & Ohio R. R. Co., 146 Ky., 514, it was held that section 18 applied to the prosecution of

appeals as well as to the prosecution of actions in the lower courts.

In the case at bar, Miller prosecuted his case in the lower court in his own name, without any objection as to the mode of procedure, and a judgment was rendered denying to him the relief he asked. This gave him the right to appeal in his own name.

4. Coming to the merits of the case, it is proper to say that the circuit judge denied appellant's right to redeem the J. J. Clark tract, upon the ground that the sale having been a joint sale of both tracts, and not separate sales of each tract, the right of redemption could only be exercised upon the sale as made, and not separately for each lot, as was attempted by Miller. This is not a case, however, where one debtor owning two or more tracts of land is indebted to two creditors, having separate liens upon the respective tracts, with the consequent right of so marshalling the assets as to protect both creditors; on the contrary, it is a case where the owners of two tracts of land jointly owe a single creditor, with the right of contribution between the debtors. The land of each debtor, and the right to redeem both, had been sold for $1,550. The owner of each tract had the right to redeem his own land by paying the purchase price of his tract, with interest. The statute gives him no right to redeem the land of his co-debtor, and it certainly imposes no such duty upon him in order to enable him to redeem his own land. In the case at bar the tracts were jointly sold to appellee for $1,400; and the equities of redemption in both were jointly sold to appellee for $150. Those sales fixed the rights of the owner of each tract as to the redemption of the respective tracts; and the subsequent action of the commissioner in separately selling the right to redeem the 32 acre lot for $1,500, could not disturb the rights theretofore fixed by the joint sale of the equities of redemption. Each owner had the right, within one year, to redeem his land by paying to the purchaser the purchase price of his own land, with the statutory interest; and the appellant having so paid that sum into court, as provided by the statute, upon appellee's refusal to accept it, he was entitled to the relief he asked.

The judgment is reversed, with instructions to set it aside in so far as it applies to appellant's tract of land; to cancel the deed therefor to appellee; to enter an

order accepting said $845.25 in court, in redemption thereof, and for such other orders as may be necessary to fully execute said redemption.