## Paxton, Receiver, et al. v. Columbia Trust Company.

(Decided October 4, 1918.)

### Appeal from Anderson Circuit Court.

1. Appeal and Error—Docketing by Clerk—Filing of Statement.— Under section 740 of the Civil Code of Practice the clerk of the Court of Appeals has no authority to docket an appeal until the appellant files the statement of appeal required by section 739 of the Code.

2. Appeal and Error—Failure to File Statement—Striking from Docket.—A motion to dismiss an appeal for appellant's failure to file the statement of appeal required by section 739 of the Civil Code, will be treated as a motion to strike the appeal from the docket and sustained.

F. R. FELAND, LILLARD CARTER and BENJAMIN H. SACHS for appellant.

KEITH L. BULLITT for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Striking appeal from the docket.

This seems to be an appeal by the receiver of the Hoffman Distilling Company, and his attorney, from a judgment entered in the case of the Columbia Trust Co. v. Hoffman Distilling Company and its creditors, denying a fee for the receiver's attorney. The record contains none of the pleadings; and, the judgment, which covers many questions, states, in closing, that all parties prayed and were granted an appeal to this court. There being no statement of appeal, as is required by section 739 of the Civil Code, it is impossible for this court to say who is complaining, or what judgment is attacked. Tarvin v. Tarvin, 20 Ky. L. R. 730, 47 S. W. 434; Brodie v. Parsons, 23 Ky. L. R. 831, 64 S. W. 426. But, upon the calling of the case upon the docket, Graumes & Ulrich, styling themselves appellees, moved the court to dismiss the appeal for failure to file the re-

quired statement of appeal, and the case is now submitted upon that motion.

The necessity of a statement of appeal is well illustrated by this record, since, as it now stands, without a statement, we are at a loss to know who are the parties to the appeal, or who will be bound by the judgment. But the penalty for failing to file the statement of appeal is not a dismissal of the appeal, but a denial of the right to have it placed upon the docket. It is expressly so provided by section 740 of the Civil Code. See also Buchanan v. Boyd's Exr., 131 Ky. 437. The act of the clerk in inadvertently docketing the appeal did not supply the statement, or render it unnecessary.

The motion to dismiss the appeal will be treated as a motion to strike the appeal from the docket and sustained. It is so ordered.