### Stortz, et al. v. Voss, Sr., et al.

(Decided October 8, 1918.)

Appeal from Jefferson Circuit Court
(Chancery Branch No. 1).

1. Appeal and Error—Law of the Case.—Questions determined on the first appeal of the case become the law of the case and binding upon parties and privies in subsequent contests involving the same question.

2. Judicial Sales—Inadequacy of Price.—Inadequacy of price alone is insufficient to set aside a judicial sale of land, especially where infants are not involved, unless the inadequacy is so great as to create a presumption of fraud or shock the conscience of the court, or where it is accompanied by circumstances indicating fraud, unfairness, impropriety or oppression on the part of those connected with the sale, in either of which cases the inadequacy

of price with the added conditions would authorize the setting aside of the sale.

3. Judicial Sales—Exceptions.—Merely because the reported bid was not two-thirds of the appraised value of the land furnishes no grounds for excepting to the sale, but it only postpones the execution of a deed by the officer who makes the sale for twelve months from the time it is reported, during which time properly interested parties may redeem the land, as pointed out by section 2364 of the Kentucky Statutes.

4. Appeal and Error—Statement.—Section 739 of the Civil Code requires the statement therein provided for to point out the page of the transcript upon which appears the judgment appealed from, and it is only such judgment so pointed out that this court will consider on appeal.

JAMES T. A. BAKER and J. W. S. CLEMENTS for appellants.

ERNEST H. NEUMAN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case, the opinion in the first one being reported in 177 Kentucky, page 541, to which reference is made for a statement of the facts and the legal questions involved. After the rendition of that opinion the mandate from this court was filed in the court below and judgment was rendered in accordance with the opinion, as directed by the mandate. In substance this was that the order directing the sale of the Fifteenth street property should be set aside; that the appellee and defendant below, Charles W. Voss, Sr., was entitled to a dowable interest in the Southgate property, of which his wife died the owner, and which she did not devise in her will, and that he as her surviving husband should not be charged with the rents and profits of that property since his wife's death. Before the transcript of the first appeal was filed in this court plaintiff and appellant filed exceptions to the sale of the Southgate street property, which is known in the record as lot No. 4, "(1) Because the said purchaser, Charles W. Voss, Sr., occupied a fiduciary relation towards the owners of said lot No. 4. (2) Because the price bid by the defendant, Charles Voss, Sr., was grossly inadequate." But the exceptions were not passed upon by the court until after the appeal had been disposed of and the mandate filed. They were at that time amended, plaintiff relying upon the additional grounds "That said property was sold as a whole, when it was susceptible to

division without impairing its value," and "Because the commissioner failed to sell the interest of C. W. Voss, Sr., in said property before selling the remaining interest in same." The court overruled the exceptions as amended and from that judgment this appeal is prosecuted.

The judgment ordering the sale of lot No. 4 as an entirety was involved upon the first appeal of the case. If it had been error to order it sold as a whole or to sell any other interest in it than that of C. W. Voss, Sr., the first appeal was the time to present and litigate those questions. Not having done so, or, if done, failing in her contention, the plaintiff and appellant is now estopped to insist upon those grounds as objections to the sale of that lot, for the former opinion ordering the sale of that entire lot affirmed the judgment, saying: "The judgment ordering the sale of the Southgate property will not be reversed."

This leaves for consideration only the two grounds contained in the original exceptions. The first of those grounds—that the purchaser, Charles W. Voss, Sr., occupied a fiduciary relation toward the owners of the property—is not founded in fact, since he had only a life interest as surviving husband in it. This in no sense made him a trustee for or a fiduciary of the owners in remainder, one of whom is the appellant. We know of no rule of law forbidding the owner of a life estate from buying the entire property when sold to satisfy an existing lien upon it.

The second ground of the original exceptions—that the price "was grossly inadequate"—is equally untenable, since such inadequacy of price "is ordinarily not a sufficient ground to justify the setting aside of a sale under a judicial proceeding, but where the inadequacy of price for which the land sold arises from representations from interested parties, at the time of the sale, as to the property or the state of its title, and which have a tendency to chill bidders and to mislead and confuse them, and to discourage competition and to depress the price of property, and results in its sale for less than it would have brought at a fair auction, it is sufficient to justify the setting aside of the sale." Fisher v. Evans, 175 Ky. 300.

In the case of Morton v. Wade, 175 Ky. 564, the question is again considered, and a great number of cases

from this court are cited and referred to, among which is Stump v. Martin, 9 Bush, 285, in which it is said:

"Such (judicial) sales will not be disturbed for mere inadequacy unless there has been such a sacrifice of the property as to import fraud. There must be either fraud or misconduct in some one connected with the sale; some surprise or misapprehension on the part of those interested or of the officer who conducts the sale, or some irregularity in the proceedings, or some other circumstance attending it, which conduces to show unfairness, before the chancellor will refuse to confirm this act of his commissioner."

The appellant is not an infant, and the rule concerning the effect of the inadequacy of price where infants are involved can not be invoked. However this may be, there is no evidence in the record as to the inadequacy of the price which Chas. W. Voss, Sr., bid at the commissioner's sale. It is true that the property was appraised at $1,000.00, and the bid was only $600.00, being less than two-thirds of the appraised value, but this fact furnishes no grounds for the setting aside of the sale either upon the ground relied upon, or any other. It is true that when land is sold for debt it is required by section 2362 of the Kentucky Statutes to be appraised, as was done in this case, and section 2364 of the statute provides what shall follow if the land at such sale does not bring two-thirds of its appraised value, which is that "The defendant and his representatives shall have the right to redeem the same within a year from the day of sale," &c. Further along it is provided that in such cases the land "shall not be conveyed to the purchaser until the right to redeem the same has expired." There is no provision against the confirmation of the sale, but under the last quotation no deed could be made after the confirmation until the expiration of one year. In this case the sale was not even *confirmed* until after the expiration of the year, and there was never at any time any offer by appellant, or other person interested in the land, to redeem it, and clearly, under the circumstances and conditions, the court was not in error in refusing to set aside the sale upon the ground of inadequacy of price. None of the elements making such ground effectual appear in the record, and the accepted bid of less than two-thirds of the appraised value do not furnish grounds, as we have seen, for such exceptions. The court therefore properly over-

ruled the exceptions to the sale of the Southgate street property, being lot No. 4.

By a tendered pleading appellant attempted to re-litigate matters determined by the first judgment, which was affirmed on the former appeal, and to place the burden of the debts secured by the mortgage on the two pieces of property entirely on the Fifteenth street property, which had been devised to the defendant, Charles W. Voss, Sr., and for it to be exhausted before attempting to subject the Southgate street property, upon the theory that the debts for which the mortgages were given were in reality those of the surviving husband, Charles W. Voss, Sr. The court declined to permit this pleading to be filed, and the major part of appellant's brief is taken up discussing this alleged error as a ground for reversal. Waiving the point as to whether the questions attempted to be raised were involved and settled by the former opinion, we can not consider that ruling of the court because it is not appealed from, and is therefore not before us.

The judgment overruling the exceptions to the sale of lot No. 4, which we have heretofore considered, is on page 6 of the transcript, and the one overruling the motion to file the pleading attempting to raise the questions alluded to is on page 8 of the transcript.

The satement required by section 739 of the Civil Code prescribes that the appellant shall, among other things, state "the term or day when the judgment appealed from was rendered, and the page of the record on which it may be found." Under this, we can only consider the judgment pointed out in the statement, which is the one overruling the exceptions to the sale of lot No. 4, and is found on page 6 of the transcript.

Wherefore, the judgment is affirmed.