### Arnett v. Deem.

(Decided October 25, 1918.)

### Appeal from Magoffin County Court.

1. Appeal and Error—Advancement of Cases.—Rule VI of court authorizing the advancement of cases once adjudicated by this court and again brought up by appeal, applies only to the same case which has heretofore been adjudicated in the Court of Appeals; it has no application to a different case, instituted in a different court, although it may be between the same parties and about the same subject matter.

2. Appeal and Error—Statement—Striking Appeal from Docket.— Where the statement of appeal required by section 739 of the Civil Code makes no reference to the judgment which appellants would have the court review, the appeal will be stricken from the docket.

McGUIRE & McGUIRE and AUGUSTUS ARNETT for appellants.

PRATER & RAMEY for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Setting aside order advancing case, and striking appeal from the docket.

This action, in the nature of a suit for a new trial, was begun in the Magoffin county court for the purpose of correcting a report of commissioners made in that

court whereby the lands of Nathan Howard were divided between his nine children, and the county court having granted the relief asked, this appeal is prosecuted directly to this court under section 499 of the Civil Code.

1. After this case had been submitted, counsel for appellees filed their brief and moved the court to advance and submit the case, "the same having once before been adjudicated by the Court of Appeals." Treating the ground of the motion as existing the court sustained the motion, and the case was advanced and submitted.

But upon examining the record, we find this case has never been adjudicated by this court. It is true that in a similar suit between the same parties brought in the Magoffin circuit court for substantially the same purpose, the judgment was reversed on January 22nd, 1918, with directions to the circuit court to dismiss the petition for want of original jurisdiction in that court, and we presume that mandate was obeyed. See Howard v. Deems, 178 Ky. 760. This action was subsequently filed in the county court and proceeded to a judgment.

Rule VI of court provides that "cases once adjudicated by this court, and again brought up by appeal may be advanced by leave of the court on motion of either party. Other cases will be decided as nearly as practicable in the order of their submission, and will not be advanced, unless involving some public question, or great injury will result from the delay."

The evident purpose of the rule is to facilitate the disposition of cases which have been reviewed and reversed for further proceedings. Ordinarily, the questions presented for review upon a second appeal are few and simple, and are easily disposed of; and this fact, considered in connection with the maxim that it is to the interest of the state that there should be an end to litigation, has led to the adoption of Rule VI.

But this "case" has not heretofore been adjudicated by this court. The former case was tried in the circuit court upon pleadings and proof entirely separate and independent from the pleadings and proof in this case appealed from the county court. Furthermore, the merits of the judgment of the circuit court case were not passed upon in the former appeal; on the contrary it was reversed for want of jurisdiction in the circuit court to enter it, with directions to dismiss the petition.

And, the rule further indicates the purpose of the court to decide all cases, except advanced cases, in the order of their submission, thus giving to every litigant an equal opportunity of having his case decided promptly. Manifestly, it would be unjust to postpone the trial of other appeals in order to give precedence to any case which is not strictly within the meaning and purpose of the rule.

It will thus be seen that the case at bar comes neither within the letter nor the spirit of the rule, and the order advancing it having been inadvertently made, is set aside.

2.  Furthermore, the statement of appeal required by section 739 of the Civil Code, is wholly inadequate; it makes no reference to the judgment appellants would have us reverse. And, as no attempt has been made by appellant's counsel to help the situation by classifying the questions discussed in their brief, as is required by Rule III, we do not feel sure that any classification of questions that we might be tempted to make would adequately present their argument.  The appeal should not have been docketed, and it is now stricken from the docket.  Paxton, Recr. v. Columbia Trust Co., 181 Ky. 515.