# Pezzarossi v. Collins.

(Decided February 15, 1929.)

J. P. TACKETT for appellant.

JOSEPH D. HARKINS and JAMES & HOBSON for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Affirming.

Appellee instituted this action against appellant to recover on two notes of $1,250 each, executed by appellant as balance of purchase money for a tract of land sold to him by appellee by written contract, and to have said land declared in lien to secure the payment of the notes and sold in satisfaction thereof.

Appellant filed answer in two paragraphs—the first of which traverses the petition, and the second, made a counterclaim, admits the purchase of the land, but alleges that the written contract was subsequently prepared by appellee and signed by appellant, and does not set forth the whole contract; that he is an Italian, understands, speaks, and writes the English language poorly, and was induced to sign the contract by appellee under false and fraudulent representations that it contained all the agreement between them; that he purchased and appellant

agreed to convey to him, a tract of land, the lines of which were to include approximately 23 acres; that appellee represented to him that the contract embraced that boundary; that, since the signing of the contract, he had discovered that appellee did not then, and has not now, title to .706 of an acre of said land, but that the title thereto was in the Chesapeake & Ohio Railway Company and was being used as a public road in Floyd county, and that, at the time he purchased, appellee represented to him that title thereto was in him; that appellee represented to him that mining operations on the land had been abandoned and no further mining privileges would be exercised and no further removal of timber therefrom for mining purposes, but that Stover-Elkhorn Coal Company at the time owned certain mining privileges in the land, and since he signed the contract had cut and removed timber therefrom; that all of said representations were false and fraudulent, and were known to appellee and unknown to him, and he relied upon them when he purchased it; that the land excluded from the written contract constitutes the most valuable part of the land, and the land embraced in the contract is not worth more than $500; that, since entering into the contract, he had taken possession of the land and had placed thereon improvements worth $4,000; that he had apid appellee $2,500 in cash, and executed the notes sued on through appellee's false and fraudulent representation; that he is willing to surrender the written contract and possession of the land upon appellee's surrending the notes sued on and refunding the purchase money paid, and repaying to him the value of the improvements made by him; and he prayed judgment accordingly.

Appellee filed reply, and, after traversing the affirmative allegations of the answer, pleaded that he and appellant went around the boundary and agreed upon the lines and set stakes; that appellant was satisfied therewith, and took immediate possession, and had ample opportunity to examine the lines and ascertain the area before he paid the first $2,500; that, since the action was instituted, had erected a stone house on the land at a cost of $6,000; and by reason of his acts he was now estopped of setting upon any claim of defect in title. No denial of this reply was filed, and both parties proceeded to take depositions.

On March 1, 1926, an order was entered submitting the case for judgment. On May 27, 1926, an order was

entered setting aside this submission, permitting appellee to tender and file a deed from himself and wife to appellant, and resubmitting the case for judgment, and on the next day, May, 28, 1926, a judgment was rendered for appellee for the sum of $2,500 and interest, adjudging the deed tendered by appellee a compliance with the contract, and decreeing sale of the land in satisfaction to the indebtedness. Pursuant to that judgment, the master commissioner of the court advertised the property for sale, following which action appellant July 26, 1926, instituted an equitable action in the Floyd circuit court against appellee and the master commissioner in the nature of a suit for a new trial, and to set aside and vacate the judgment rendered, on the ground of fraud practiced by the successful party therein in its obtention, in that the term of court at which the judgment was rendered, was designated and set aside by the court as a criminal term; that the judge announced from the bench that no civil cases would be tried during the term except to enter default judgments, and personally notified appellant that this action would not be tried at said term; that the wife of his only attorney suffered a nervous breakdown, and was so seriously ill during that term of court that his attorney was kept constantly at her bedside and was unable to be present, and, in fact, was absent during the entire term at which the judgment was rendered; and that the deed tendered by appellee was filed and tendered during that term, and that neither he nor his attorney had or was given an opportunity to examine said deed before the judgment was rendered, and that said deed was withheld and its tender deferred until such time as appellee knew appellant's attorney was absent and unable to be present; and that said judgment was rendered in pursuance of a fraudulent collusion by the appellee, his attorney, and the judge of the court. The judgment and entire record in the action was made a part of the petition.

On August 7th, an amended petition was filed, in which it is aleged that, since the deed was tendered in court the day before the judgment was rendered, appellant had ascertained that the land described therein contained only 14.812 acres, which is 5.188 acres less than the amount called for in the original contract, and that the deficiency in acreage contained in the deed is 25.94 per cent less than that called for in the contract, and that he

was entitled to credit against the purchase price for said 5.188 acres at the rate of $250 per acre.

A temporary restraining order against the appellee and the master commissioner was granted by the clerk. Upon motion thereafter made, an injunction was refused, and the restraining order discharged and a demurrer sustained to the petition and to the petition as amended by order entered August 27, 1926, and, appellant declining to plead further, his petition and amended petition were dismissed, to all of which he excepted, and was granted an appeal to this court.

The record was filed in this court on April 16, 1928. In the statement of appeal annexed thereto, it is recited: "The judgment appealed from was rendered at the May term of the Floyd circuit court on the 28th day of May, 1926, and may be found on page 75, Vol. 1, of the record."

That is the judgment rendered in the original action instituted by Colilns against Pezzarossi. There is annexed to the record a motion for an appeal reading as follows: "Come now the appellee, John Pezzarossi, and moves the court and clerk thereof to grant him an appeal from the judgment entered herein in the Floyd circuit court, at its regular March term, 1926, to-wit: March 28th, 1926, said judgment being found at page 75 of the record (transcript) in said cause which is filed herewith."

The judgment referred to as being found at page 75 of the record is the same judgment referred to in the statement of appeal, but its date, as given, March 28, 1926, is clearly error. The judgment appearing at that page in the record was rendered May 27, 1926. There is no judgment in the record rendered March 28, 1926.

Appellant in his brief has treated the case as being before us on appeal from the judgment rendered October 27, 1926 (found at page 30 of the record), dismissing the petition and amended petition in the suit brought for a new trial, but that judgment is not before us; it has not been appealed from; and we are unable to consider it or any of the pleadings or rulings of the court made in the action in which it was rendered.

Section 739 of the Civil Code provides:

"It shall be the duty of the appellant to file with the transcript—1. A statement showing— . . .

"(c) . . ., The term or day when the judgment appealed from was rendered, and the page of the record on which it may be found."

In the case of Stortz et al v. Voss et al., 181 Ky. 546, 205 S. W. 610, we said: "The statement required by section 739 of the Civil Code prescribes that the appellant shall, among other things, state the term or day when the judgment appealed from was rendered, and the page of the record on which it may be found. Under this, we can only consider the judgment pointed out in the statement. . . ."

And, in Kirby's Admr. v. Berea College, 196 Ky. 353, 244 S. W. 775, we said: "The propriety of the judgment sustaining the demurrer as to the two defendants named, and dismissing the petition as to them, is questioned on this appeal and a reversal of it is asked, but the statement required by section 739 of the Civil Code makes no complaint of or reference to it, but shows the appeal to be prosecuted only from the judgment based on the directed verdict, and, under numerous decisions of this court, we are forbidden to review the judgment in favor of those two defendants."

To the same effect are the cases of Arnett v. Deem, 181 Ky. 762, 205 S. W. 914; Owens v. Childress, 189 Ky. 676, 225 S. W. 487.

We are therefore precluded from considering the record in the action brought for a new trial, or any of the grounds therefore alleged in the petition therein, and have only before us the original action and the judgment therein rendered May 27, 1926. The only ground urged to reverse that judgment is that the deed from appellee to appellant was not tendered until the day before the judgment was rendered, in consequence of which appellant "had no criterion earthly by which he could survey and determine whether or not the appellee was conveying to him the real estate he was purchasing." The record before us discloses no objection to the tender of that deed nor to the submission of the action at that time, and, in considering that judgment, as suggested above, we cannot go outside of the record in which it was rendered.

Appellee purchased the land a few days prior to June 27, 1921, on which date the written contract was executed by the parties, and upon its execution appellant took actual possession of the land, paid half of the pur-

chase money, and began making the improvements thereon referred to in his answer.

Long before the institution of this action, appellee prepared a deed from himself to appellant, and gave it to appellant for examination. Thereupon appellant employed a surveyor, Tounsel Combs, to run out the boundary described in that deed and the boundary described in the contract of purchase. The surveyor later on gave his deposition in this case, and testified that there was a slight discrepancy betwen the two boundaries—there was omitted from the deed .51 of an acre which was included in the contract.

By this surveying, the appellant obtained the exact courses and distances of the lines of the boundary described in the contract and their location on the ground; his surveyor knew and could have advised him, if he did not do so, of the area they inclosed. When he gave his deposition in this case, appellant said he was then willing to accept a deed conveying to him the boundary described in the contract. We have compared the contract with the deed tendered and filed May 26, 1927, and the judgment appealed from. The boundary described in these three instruments is identical as to lines, metes, and bounds called for. It is apparent, therefore, that the deed tendered complies with the contract and conveys the boundary which appellant said he was willing to accept.

Finding no error in the judgment appealed from, it is affirmed.