## Sandy Hook Bank's Trustee v. Boggs et al.

(Decided March 2, 1937.)

V. H. REDWINE for appellant.

JOHN KECK, MARTIN R. GLENN, R. A. BUCKLES, ROGER D. BRANIGIN and J. F. WILLIAMSON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On September 8, 1923, Lafe Boggs and his wife, Katie Boggs, executed and delivered to the Federal Land Bank of Louisville a mortgage upon 312½ acres of land in Elliott county to secure the payment of a note of $3,300 which the mortgagors had on that date executed and delivered to the mortgagee. The note provided for payment on the amortization plan with a preliminary interest payment of $77.64 on March 1,

1924, and 68 semi-annual payments of $107.25 each, payable on September 1 and March 1 of each year thereafter, up to and including March 1, 1958, and a final payment of $106.95 on September 10, 1958. The note and mortgage contained the usual precipitation clause in the event of nonpayment of any of the installments when due.

On March 3, 1928, Lafe Boggs and wife executed and delivered to the Bank of Sandy Hook a mortgage on the same tract of land to secure the payment of a note for $1,016.62 of even date with the mortgage. In December 1925, the Sandy Hook Bank went into voluntary liquidation, and its depositors and other creditors having been fully paid, V. H. Redwine was appointed trustee to administer and make disposition of the remaining assets of the bank.

On June 18, 1934, he instituted this action against the mortgagors and the Federal Land Bank asking for judgment for the amount of the note due the Bank of Sandy Hook with interest and for the enforcement of the mortgage lien, alleging that the mortgage of the Federal Land Bank was a prior and superior lien on the land sought to be subjected.

The Federal Land Bank filed answer setting up its note and mortgage lien and alleging that the installments of $107.25 each which became due and payable March 1, 1932, to and including March 1, 1934, had not been paid at the time of the answer, but that it did not then elect to exercise its option to declare the entire debt due and payable. It prayed that its mortgage be adjudged a prior and superior lien on the land and that, if the land be sold, it be sold subject to its mortgage lien.

At the July term of court, plaintiff was adjudged entitled to the relief sought, and it was adjudged and ordered that the land be sold to satisfy plaintiff's debt subject to the prior mortgage lien of the Federal Land Bank, and the master commissioner was directed to make the sale, which he did on September 3, 1934, after the land had been duly appraised as required by law for the sum of $3,500. Plaintiff became the purchaser at his bid of $600 subject to the mortgage lien of the Federal Land Bank.

On May 1, 1935, the Federal Land Bank filed an

amended answer, counterclaim, and cross-petition, again setting up its note and mortgage and alleging that because of default in payment of installments due on March 1, 1932, and up to and including March 1, 1935, it elected to exercise its option as provided in the note and mortgage and declare the whole debt secured by the mortgage to be due and payable. It prayed for judgment for the balance due on the mortgage note with interest and that it be adjudged to have a lien on the property described in the mortgage prior and superior to all other liens, interest, or claims in such property; that its lien be enforced and the land sold to satisfy same; that the defendants, Lafe Boggs and Katie Boggs, V. H. Redwine, as trustee for the Bank of Sandy Hook, and Mr. and Mrs. Harold Adkins be required to come into court and set up any interest they might have in the land or be forever barred. It does not appear why Mr. and Mrs. Adkins were made parties, and since there is no reference to that question in briefs, we assume it is immaterial. Plaintiff filed reply to the answer and cross-petition stating that it did not raise any issue with the Federal Land Bank but merely prayed that the report of sale under the former judgment be confirmed.

On October 10, 1935, it was adjudged that the Federal Land Bank was entitled to the relief sought and the master commissioner of the court was ordered and directed to sell the mortgaged premises to satisfy its debt, interest, and costs. After causing the land to be appraised as required by law, the commissioner sold the property pursuant to the court decree, and the Federal Land Bank being the highest bidder became the purchaser at the price of $2,000, which was two-thirds of the sum at which it had been appraised.

Plaintiff is prosecuting this appeal, and in statement of appeal says that the judgment appealed from was rendered on March 10, 1936, and appears on pages 39 and 40 of the record. We find on pages 39 and 40 of the record the judgment adjudging that the Federal Land Bank recover the balance due on its lien note for the enforcement of its mortgage lien, etc. Apparently there is an error in the statement of appeal concerning the date of the judgment.

The various pleadings, orders, and judgments are not set out in the record in proper sequence and are

very confusing; however, we gather from the record that the commissioner's report of sale to appellant under the first judgment was not confirmed until October 10, 1935, the day on which the judgment was rendered in favor of the Federal Land Bank.

On March 3, 1936, an order was entered overruling motion of appellee to set aside the order confirming the report of sale to appellant and overruling a motion of appellant for a deed, and also overruling exceptions to the commissioner's report of sale of the land to the Federal Land Bank and approving and confirming same and directing the commissioner to make a deed to the Federal Land Bank and that it have a writ of possession when called for.

It was recited in the order that plaintiffs excepted and objected and prayed an appeal which was granted. It is obvious from appellant's brief that this order is the one intended to be appealed from. It is argued in effect that the court erred to the prejudice of appellant in overruling his motion for deed and not permitting him to remove the incumbrance by paying appellee the amount of its bid, and cites Miller v. Wheeler, 147 Ky. 131, 143 S. W. 1028 and other authorities as supporting the contention that appellant, as a judgment creditor, had the right to redeem the mortgaged property by satisfying the holder of the superior lien; but in the case cited, the court was dealing with an entirely different situation. In the Miller Case the property in lien had been sold for less than two-thirds of its appraised value and it was held that where, before the expiration of the year in which the debtor might redeem the property, he sold and conveyed it, his grantee had the right to prosecute an appeal from an order denying his right to redeem the land. But here it is shown and not denied that appellee's bid for the land which was accepted by the commissioner was two-thirds of the value fixed by the appraisement; hence there was no right of redemption in the owner or his creditors, or in any one claiming under him.

It is further argued that when a judicial sale is confirmed, it cannot be set aside and the purchaser have a resale and Makibben v. Arndt, etc., 88 Ky. 180, 10 S. W. 642, 10 Ky. Law Rep. 847 is cited. In that case it is said in effect that where land is sold under a judgment enforcing a mortgage lien and afterwards

redeemed by the debtor, the plaintiff cannot have an order of resale to satisfy the unpaid part of his judgment. It is at once manifest that the authority relied on has no application in cases of this character. There was no attempt to set aside any former sale. The land had been ordered sold subject to appellee's mortgage lien, and it was immaterial whether the report of resale to appellant under the first judgment had been confirmed or whether the deed had been made to him. Even if the deed had been made, appellee had the right to have its mortgage lien enforced and to have the land sold to satisfy its superior lien.

As a general rule this court will only consider the judgment pointed out in the statement of appeal. Stortz v. Voss et al., 181 Ky. 546, 205 S. W. 610; Pezzarossi v. Collins, 228 Ky. 51, 14 S. W. (2d) 165, and cases therein cited.

No reason is assigned for reversing the judgment referred to in the statement of appeal, and we find none; however, in view of the confused state of the record, we have gone into other orders of the court called in question by counsel for appellant, and as indicated, find nothing that would authorize a reversal.

Judgment affirmed.